UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

Debtor.

_____/

Chapter 11
Case No.:
**Expedited Hearing Requested on or before August 28, 2015
Estimated Time Needed for hearing: 15 minutes**

### DEBTOR'S EMERGENCY MOTION FOR ORDER: (1) SPECIFYING ADEQUATE ASSURANCE OF PAYMENT FOR POST PETITION UTILITY SERVICES; (2) PRECLUDING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; AND (3) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCES

Progressive Plumbing, Inc., the above-named Debtor, pursuant to 11 U.S.C. § 366, requests this Court's order: (1) specifying adequate assurance for the payment for utility services; (2) precluding utility companies from altering, refusing or discontinuing service; and (3) establishing procedures for determining requests for additional assurances.

1.    Request for Expedited Disposition.  Debtor filed this Chapter 11 case on August 24, 2015.  Bankruptcy Code § 366(c)(2) provides that:

> "with respect to a case filed under chapter 11, a utility...may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility."

Therefore, if the Court does not rule on this request **on or before September 23, 2015,** then Debtor will risk termination of utility service.

2.    The Debtor is a commercial plumbing contractor. Gross billings for the business totaled approx. $7,209,884.49 from January 1, 2015 to July 31, 2015.

3.    Utility Service.  Prior to the Petition Date, Debtor received utility services from various entities (the "Utilities") as follows:

C:\Users\User\Desktop\Progressive Final Docs\Plumbing\Utility Motion.docx

| UTILITY | TYPE OF SERVICE | AVERAGE MONTHLY USAGE | PREPETITION DEPOSIT | PREPETITION CLAIM |
|---|---|---|---|---|
| Duke Energy | Electricity | $1550 | $0 | $0 |
| N/A | Trash | $ | $ | $ |
| Brighthouse | Phone | $910 | $0 | $3587.76 |
| City of Clermont | Water/Sewer | $850 | $0 | $4659.52 |
| N/A | Natural Gas | $ | $ | $ |

4.      Adequate Assurance. Debtor expects to have sufficient cash post petition from its ongoing operations to assure the Utilities of prompt and continued payment of all of their bills for utility services after the Petition Date. Debtor offers adequate assurance of payment to the Utilities in satisfaction of Section 366 of the Bankruptcy Code as follows: (the "Adequate Assurance Proposal"):

a.      Current Payment. Debtor shall pay for all utility services provided after the Petition Date pursuant to the undisputed terms of the billing statements generated by the Utilities in the ordinary course of business (i.e., no short or special billing cycles that vary from those utilized prepetition).

b.      Cash Deposit. Debtor shall make a cash deposit for Utility services within 15 days of the Petition Date in an amount equal to the Average Monthly Usage specified in paragraph 3. If Debtor had a prepetition deposit with a utility, then the prepetition deposit amount, after any allowable set off against a prepetition claim, shall be applied against the amount of the required cash deposit for service after the Petition Date.

c.      Set off.  The Utilities may set off or recover against a security deposit, if any, provided to the utility before the Petition Date without further order of the Court.

d.      Default.  If Debtor fails to timely perform any obligation under the Adequate Assurance Proposal and does not cure such failure within 10 days following written notice from the Utility, then Debtor shall be in default as to such Utility.  If Debtor is in default, then the Utility that asserts the default: (i) shall have an administrative expense priority for any unpaid utility service after the Petition Date; (ii) may terminate the utility service in accordance with applicable non-bankruptcy law; and (iii) setoff any deposit against debtors obligation for utility service after the Petition Date.

5.      Legal Authority.  Section 366 of the Bankruptcy Code provides in relevant part:

(a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(c)(1)(A) For purposes of this subsection, the term "assurance of payment" means:
       (i)  a cash deposit;
       (ii)  a letter of credit;
       (iii)  a certificate of deposit;
       (iv) a surety bond;
       (v)  a prepayment of utility consumption; or
       (vi) another from of security that is mutually agreed
       on between the utility and the debtor or the trustee.
    (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraph (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility services, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3) (A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

(B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider:

(i) the absence of security before the date of the filing of the petition;

(ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or

(iii) the availability of an administrative expense priority.

(4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

Under the terms of Section 366 of the Bankruptcy Code, this Court may determine the form and amount of adequate assurance if the parties cannot reach agreement. *In re Beach House Property LLC*, 2008 WL 961498 (Bankr S.D. Fla.). Bankruptcy courts have the exclusive responsibility for determining what constitutes adequate assurance for payment of postpetition utility charges and are not bound by local or state regulations. See *Begley v. Philadelphia Electric Co. (In re Begley)*, 41 B.R. 402, 405-06 (E.D. Pa 1984), aff'd, 760 F.2d 46 (3d Cir. 1985). Adequate assurance of payment depends on the facts and circumstances of each case. *In re Beach House, Supra.*; *In re Anchor Glass Container Corp.*, 342 B.R. 872 (Bankr. M.D. Fla. 2005). In determining adequate assurance, the Court is not required to give utility companies the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of non-payment for postpetition services. *Anchor Glass, Supra.* See *In re Caldor, Inc.*, 199 B.R. 1, 3 (Bankr. S.D.N.Y. 1996); *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, 1014 (Bankr. N.D.N.Y. 1982); *In re George C. Frye Co.*, 7 B.R.856, 858 (Bankr. D. Me. 1980). The recent

amendments to section 366 allow the court to order modification of the amount of an assurance of payment. Indeed, in some circumstances the courts have determined that no or a nominal deposit is required to provided adequate assurance of payment. See *Virginia Electric & Power Co. v Caldor, Inc.*, 117 F.3d. 646, 650 (2d Cir 1997) (pre-amendment interpretation of section 366).

The Debtor submits that the Adequate Assurance Proposal constitutes adequate assurance of payment. Even if the Debtor was to experience any difficulty in satisfying its postpetition utility obligations on a timely basis, the Adequate Assurance Proposal will provide more than sufficient protection to the Utilities.

Uninterrupted utility service is vital to the continued operation of the Debtor. Therefore, the relief requested herein is necessary and in the best interests of the Debtor's estate and creditors. The Adequate Assurance Proposal is in keeping with the spirit and intent of Section 366 of the Bankruptcy Code, and is not prejudicial to the rights of any Utility.

6.      Proposed Order. A proposed order is attached hereto.

THEREFORE, Debtor requests that this Court:

1.      immediately enter an order authorizing and approving the Adequate Assurance Proposal, with such order being subject to objection by the Utilities and other parties in interest;

2.      direct all Utilities to continue furnishing utility services to the Debtor and enjoin all such Utilities from altering, refusing, or discontinuing the furnishing of utility services to the Debtor without complying with the Adequate Assurance Proposal; and

3.      provide the Debtor with such and other further relief as is just and appropriate.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed on August 24, 2015 through the CM/ECF system and a hard copy of same sent via U.S. Mail to the following non CM/ECF participants:  all of the creditors on the attached matrix.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

and

/s/ Roman V. Hammes
Roman V. Hammes
Florida Bar No. 087250
Roman V. Hammes, P.L.
250 East Colonial Drive, Suite 305
Orlando, FL 32801
(407) 650-0003
roman@romanvhammes.com

Proposed Attorneys for Debtor

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

                                                             Chapter 11

PROGRESSIVE PLUMBING, INC.,                    Case No. 6:15-bk-

      Debtor.

_____/

**ORDER CONDITIONALLY GRANTING
DEBTOR'S EMERGENCY MOTION FOR ORDER
(1) APPROVING ADEQUATE ASSURANCE PROPOSAL FOR PAYMENT OF
POST-PETITION UTILITY SERVICES; (2) PRECLUDING UTILITIES FROM
ALTERING, REFUSING OR DISCONTINUING SERVICE; AND (3) ESTABLISHING
PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCES**

**Any interested party who fails to file and serve a written objection to
Debtor's motion (as conditionally approved by this order) within thirty
(30) days from the date of entry of this order shall be deemed to have
consented to the provisions of this order.**

This case came before the Court on _____ to consider and act upon

Debtor's emergency motion to determine adequate assurance of payment for utility services and

preclude utilities from altering, refusing, or discontinuing service (Doc. No. _____) (the "Motion").

For purposes of this order, the Court finds that:

    1.      Chapter 11 Case. On August 24, 2015 (the "Petition Date"), Debtor filed the above

referenced Chapter 11 case.

2.      Operations of Debtor.   The Debtor is a commercial plumbing contractor. Gross billings for the business totaled approx. $7,209,884.49 from January 1, 2015 to July 31, 2015.

3.      Utility Services.  Prior to the Petition Date, Debtor received utility services from various entities (the "Utilities") as follows:

| UTILITY | TYPE OF SERVICE | AVERAGE MONTHLY USAGE[1] |
|---|---|---|
| Duke Energy | Electricity | $1500 |
| City of Clermont | Water/ Sewer | $850 |
| Brighthouse | Telephone | $910 |

4.      Adequate Assurance.  Debtor projects that it will have sufficient cash after the Petition Date from its ongoing operations to assure the Utilities of prompt and continued payment of all bills for utility services after the Petition Date.  Debtor offers adequate assurance of payment to the Utilities in satisfaction of Section 366 of the Bankruptcy Code as follows: (the "Adequate Assurance Proposal"):

a.      Current Payment.  Debtor shall pay for all postpetition utility services provided after the Petition Date, pursuant to the undisputed terms of the billing statements generated by the Utilities in the ordinary course of business (i.e., no short or special billing cycles that vary from those utilized pre-petition).

b.      Cash Deposit.  Debtor shall make a cash deposit for Utility services within 15 days of the Petition Date in an amount equal to the Average Monthly Usage specified in paragraph 3. If Debtor had a pre-petition deposit with a utility, then the pre-petition deposit amount, after any allowable set off against a pre-petition claim, shall be applied against the amount of the required cash deposit for service after the Petition Date.

---

[1]  Debtor's estimate based on 6 months from January 2015 to July 2015.

c.    Set off. The Utilities may set off or recover against a security deposit, if any, provided to the utility before the Petition Date without further order of the Court.

d.    Default.    If Debtor fails to timely perform any obligation under the Adequate Assurance Proposal and does not cure such failure within 10 days following written notice from the Utility, then Debtor shall be in default as to such Utility. If Debtor is in default, then the Utility that asserts the default: (i) shall have an administrative expense priority for any unpaid utility service after the Petition Date; (ii) may terminate the utility service in accordance with applicable non-bankruptcy law; and (iii) setoff any deposit against debtor's obligation for utility service after the Petition Date.

e.    Utility Service. If Debtor is not in default, then the Utilities shall continue to provide utility services to the Debtor.

f.    Cross Defaults. If a Utility maintains more than one account for Debtor, then the failure to pay for post-petition utility services with respect to one account shall not be deemed a failure to pay, or a "cross-default" with respect to, any other account if such other account is timely paid. The ability of any Utility to alter, refuse, or discontinue service, as set forth above, shall arise only on an account-by-account basis.

5.    The Adequate Assurance Proposal provides adequate assurance of payment for purposes of Bankruptcy Code § 366.

Based on the foregoing and for the reasons stated and recorded in open court, it is ORDERED that:

1.    The Motion is granted.

2.    The Adequate Protection Proposal is approved as providing adequate assurance of payment for purposes of section 366.

3.    If Debtor is not in default under the Adequate Protection Proposal, then the Utilities shall continue to provide utility services to Debtor.

4.    Any interested party who fails to file and serve a written objection to Debtor's motion (as conditionally approved by this order) within thirty (30) days from the date of entry of this order shall be deemed to have consented to the provisions of this order.  If no timely objection is filed, then this order shall be deemed final.  If an interested party files a timely objection, then the Court will schedule the objection for hearing on notice to Debtor, the United States Trustee, any committee that may be formed and to its counsel, and to the objecting party.

DONE and ORDERED in Orlando, Florida, on _____.


Attorney Roman V. Hammes is directed to serve a copy of this order on all interested parties and file a proof of service within three (3) days of this order.