UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

      Debtor.

_____/

Chapter 11
Case No.: 6:15-bk-

**Expedited hearing requested on or before August 28, 2015 Estimated time needed for hearing: 15 minutes**

### Debtor's Motion for Entry of an Order Authorizing Payment of Pre-Petition Claims of Critical Vendors

Debtor Progressive Plumbing, Inc., pursuant to 11 U.S.C. §§ 105(a) and 363(b), asks the Court to enter an order authorizing the Debtor to pay the pre-petition claims of certain critical vendors and in support states:

#### Case Background

1. The Debtor filed this chapter 11 bankruptcy case on August 24, 2015.

2. The Debtor is a commercial plumbing contractor that acts as a subcontractor on large commercial construction projects in the southeastern United States.

#### The Critical Vendors

3. The Debtor is the plumbing subcontractor on two (2) pending projects that are relevant to this motion, Titan Spanish River and Watercrest at Sebastian.

4. Pursuant to its agreement with the general contractors on these projects, the Debtor is required to pay its material vendors and subcontractors over the course of the projects. The general contractor is not required to pay the Debtor until the

Debtor has paid the material vendors and subcontractors and the material vendors and subcontractors have closed out their Notices to Owner.

5. The Debtor anticipates that it will earn a profit of $66,025 on the Watercrest at Sebastian project and $94,712 on the Titan Spanish River project.

6. To realize these profits, the Debtor seeks authorization from the Court to pay the following pre-petition claims:

| **Vendor** | **Job No.** | **Project Name** | **Materials or Services** | **Amount Due** |
|---|---|---|---|---|
| Hughes Supply | 1500003 | Titan Spanish River | Plumbing Materials | $30,663.77 |
| Hughes Supply | 1500004 | Watercrest at Sebastian | Plumbing Materials | $7,934.42 |

7. Hughes Supply has not made any concessions in consideration for the proposed payments above.

## Memorandum of Law

8. It is appropriate for a Bankruptcy Court to enter an order authorizing a debtor to pay its prepetition debts to certain critical vendors only if evidentiary record establishes: (1) that payments are necessary to debtor's reorganization; (2) that sound business justification exists for such payments, in that these critical vendors refuse to continue to do business with debtor unless they are afforded critical vendor status; and (3) that the disfavored creditors are at least as well off as they would have been had a critical vendor order not been entered. *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15 (M.D. Fla. 2005).

## Analysis

9. The Debtor stands to earn approx. $160,000 in profit from the two projects. These funds are necessary for the Debtor to successfully reorganize.

10. The Debtor orders a substantial amounts of materials from Hughes. If the Debtor does not pay Hughes for the pre-petition amounts owed, the Debtor is informed and believes that Hughes will stop supplying the Debtor with materials. There are a limited number of plumbing contractor supply companies in the local area. The Debtor believes that its chances to successfully reorganize will be greatly impeded if it does not maintain its relationship with Hughes.

11. The Debtor is also informed and believes that Hughes will file liens against the two (2) projects in the event of non-payment. This will put the Debtor in breach of the general contractor agreements and cause the Debtor to lose future business with the general contractors.

12. The Debtor's other creditors will be better off if the payments are made because the estate will realize a net benefit from the projects of approx. $160,000. Additionally, the expense incurred in paying Hughes' pre-petition claim is built into the Debtor's agreement with the general contractor. The Debtor will receive these funds back prior to accounting for the $160,000 estimated profit.

## Relief Requested

For the foregoing reasons, the Debtor asks the Court to enter an order authorizing it to pay the critical vendors listed herein.

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed using CM/ECF on August 24, 2015 and a hard copy mailed via U.S. mail to the following non CM/ECF participants: all creditors on the attached matrix.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

and

/s/ Roman V. Hammes
Roman V. Hammes
Florida Bar No. 087250
Roman V. Hammes, P.L.
250 East Colonial Drive, Suite 305
Orlando, FL 32801
(407) 650-0003
roman@romanvhammes.com

Proposed Attorneys for Debtor