UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,                      Case No. 6:15-bk-7275-KSJ
                                                                                         Chapter 11

      Debtor.
_____/

VERIFIED STATEMENT OF
MICHAEL A. NARDELLA PURSUANT TO
11 U. S. C. §329(a) AND F. R. B. P. 2014 AND 2016(b)
IN SUPPORT OF THE DEBTOR'S APPLICATION TO
<u>EMPLOY NARDELLA & NARDELLA, PLLC</u>

      Michael A. Nardella submits the following statement in compliance with 11 U. S. C. §329(a) and F. R. B. P. 2014 and 2016 and says:

      1.      I am an attorney admitted to practice in the State of Florida and before this court. I am a partner at Nardella & Nardella, PLLC ("Nardella"). Nardella is a Florida professional limited liability company engaged in the practice of law.

      2.      Subject to approval of this Court, the Debtor has agreed to pay compensation to Nardella for services rendered or to be rendered by Nardella in connection with this case as follows:

            (a)      reasonable compensation for actual necessary services rendered by Nardella, based on the nature, the extent and the value of such services, the time spent on such services, and the cost of comparable services other than in the case under 11 U.S.C. §§101 et seq., and

            (b)      reimbursement for actual, necessary expenses.

3. The Debtor has retained Nardella and Roman V. Hammes, P.L. ("RVH") to serve as co-counsel in this chapter 11 case. Nardella and RVH have agreed to reasonably divide the services necessary to handle this case and to work together to achieve the objectives of the Debtor in filing this case. Nardella and RVH have agreed to closely monitor their services on this case to avoid overlapping or duplicative services.

4. Within 12 months of filing this case, Nardella provided services to the Debtor and invoiced the Debtor for those services as follows: pre-petition services related to meeting with the client, attempted pre-bankruptcy negotiations with creditors of the Debtor, preparing the first day motions, including motion for use of cash collateral, motion to maintain pre-petition bank accounts, motion for joint administration and developing a case strategy. Nardella invoiced the Debtor for $8,460 in providing these pre-petition services. RVH also provided pre-petition services to the Debtor and invoiced the Debtor for $6,450 in providing these services. Services provided by RVH include meeting with the client, preparing the voluntary petition and related documents, gathering information related to preparing schedules and statements, preparing first day motions including motion to pay pre-petition wages, motion to pay affiliate officer salary, utility motion, motion to authorize payment to critical vendors and applications to employ.

5. As a condition of representing the Debtor, Nardella and RVH required a retainer in the amount of $42,000.00 (the "Retainer"), which Retainer was fully earned upon receipt. The Retainer is being applied to Nardella's and RVH's representation in this case as well as in the affiliate cases of Progressive Services, LLC and Gracious

Living Design Center, Inc. Nardella has agreed to share the Retainer with RVH based on work actually done in this case and in the affiliate bankruptcy cases.

6.    The Retainer was used to pay the prepetition bill for services identified in paragraph 3 above. The Retainer was also used to pay the filing fee in the amount of $1,717.00 for this case and the cases of the affiliate debtors. Filing fees for the three cases total $5,151.00.

7.    The balance of the retainer in the amount of $18,849 is being held in Nardella's bank account and was fully earned upon receipt and will be applied against fees and costs incurred by Nardella and RVH during this case.

8.    Other than the co-counsel relationship with RVH described above, Nardella has not agreed to share the compensation with any other entity, other than with members or regular associates of Nardella.

9.    Except as set forth herein, Nardella does not (and has not):

(a)    represent the Debtor in any matter other than this case;

(b)    hold a direct or indirect equity interest in the debtor, including stock, stock warrants, a partnership interest in a debtor's partnership or has a right to acquire such an interest;

(c)    serve as an officer, director, limited partner, general partner or employee of the debtor within two years before the petition filing;

(d)    control the debtor or is a relative of an officer, director, general partner, limited partner or other person in control of the debtor;

(e) serve as an officer, director, or employee of a financial advisor which has been engaged by the debtor in connection with the offer, sale, or issuance of a security of the debtor within two years before the filing of the petition;

(f) represent a financial advisor of the debtor in connection with the offer, sale, or issuance of a security of the debtor within three years before the filing of the petition;

(g) presently represent a creditor, general partner, limited partner, lessor, lessee, party to an executory contract of the debtor, or person otherwise adverse or potentially adverse to the debtor or the estate, on any matter, whether such representation is related or unrelated to the debtor or the estate;

(h) previously represented a creditor, equity security holder, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the debtor or the estate, on any matter substantially related to the bankruptcy case;

(i) represent an insider of the debtor or any affiliate of the debtor;

(j) have any other connection with the debtor, creditors, or any other parties in interest, direct or indirect, or their respective attorneys and accountants, which may be affected by the proposed representation;

(k) have any connection with the United States trustee or any person employed in the office of the United States trustee; or

      (l)      have any other interest, direct or indirect, which may be affected by the proposed representation except as is disclosed herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 24th day of August, 2015.

      /s/Michael A. Nardella
Michael A. Nardella
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
Proposed Attorney for Debtor

5