**[61ord03a]** [Order Authorizing DIP to Operate Business]

ORDERED.

**Dated:**

Karen S.

Karen S. Jennemann
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                          Case No. 6:15–bk–07275–KSJ
                                                Chapter 11

Progressive Plumbing, Inc.

_____Debtor*_____/

### ORDER AUTHORIZING DEBTOR–IN–POSSESSION
### TO OPERATE BUSINESS

The Debtor–in–Possession has applied to the Court for authority to operate its business pursuant to 11 U.S.C §1108.

Accordingly, it is ORDERED as follows:

1. The Debtor shall continue in possession and control of its property and, as Debtor–in–Possession, is authorized to operate its business and manage its property, and shall have powers of a trustee as provided by 11 U.S.C §1108.

2. Upon the filing of a Chapter 11 petition, all employees (including managers, agents, or officers who are not affiliates, within the meaning of 11 U.S.C. § 101(2)(A)), may be paid a salary and receive benefits accruing post–petition in the ordinary course of business. The Court may review, and grant appropriate relief, if such salaries or benefits are later determined to be unreasonable.

An officer, manager, or employee who also qualifies as an affiliate (collectively, "Affiliate Officer"), must file a motion and a written court order approving his or her salary and benefits, in advance of payment. Court authority for payment of any salary or benefits shall not constitute an assumption of any existing employment agreement. A motion for authority for the payment of any prepetition wages or for Affiliate Officer's salary may be filed pursuant to the expedited procedures set forth in section (C) below. Authorization for payment may be retroactive to the petition date if the motion so requests.

3. If the Debtor has not already done so, the Debtor shall immediately file a motion for approval of the employment of the Debtor's counsel in accordance with 11 U.S.C. §327 and 11 U.S.C. §329 and Fed R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). The Debtor shall also seek the approval of employment of all other professionals before employing them or engaging their services. The Debtor shall make no payment whatsoever to any professional without first obtaining Court approval. Any payment to any professional made by anyone other than the Debtor shall be disclosed at the time or immediately after the payment.

4. Subject to the provisions of 11 U.S.C §363 and 11 U.S.C §365 and the notice requirements of Fed. R. Bankr. P. 2002, the Debtor may use, sell, or lease property of the estate. The Debtor shall maintain insurance customary and appropriate to the Debtor's industry.

5. The Debtor is authorized to pay all necessary and current expenses of operating its business, including taxes incurred in the operation of the business or imposed on its property, to the extent that such payments are necessary to preserve the assets or operate the business. Such payments, however, may only be made for post–petition obligations.

6. The Debtor, consistent with 11 U.S.C §345 of the Bankruptcy Code, is authorized to open and maintain bank accounts for the deposit, investment, and disbursement of monies of the estate.

7. The Debtor is directed to segregate all monies withheld from employees or collected for taxes, to deposit these monies in a separate bank account, and to pay them over to the proper authorities when due.

8. The Debtor shall close its present books of account and maintain new books of account as of the date of the petition, showing all earnings, expenses, receipts and disbursements of the Debtor subsequent to such date, and shall preserve proper vouchers for all payments.

9. The Debtor may institute, defend, intervene and, subject to the notice provisions of Fed. R. Bankr. P. 2002, compromise any action or legal proceeding on behalf of or against the estate.

10. The Debtor shall file a Chapter 11 Case Management summary, as directed in Administrative Order 2009–1, within (3) business days following the petition date. **No motion filed by the Debtor shall be considered, until a Case Management Summary has been filed.**

11. The Debtor shall file with the Court by the twenty–first day of the month succeeding the reporting period the monthly Debtor–in–Possession Report in the format required by the United States Trustee, and, if the Debtor is a small business case, any additional reports required by 11 U.S.C. §308(b).

12. The Debtor shall cooperate with the United States Trustee by furnishing such additional information as the United States Trustee may reasonably require in supervising the administration of the estate by attending, through its senior management and counsel, any inital debtor interview requested by the United States Trustee.

13. During this case, the Debtor is required to timely pay all post–petition tax obligations, to timely file all federal and state tax returns (including any delinquent returns), and to remain current on all federal and state taxes coming due after the commencement of the case. Accordingly, the Court orders as follows:

    A. No later than 30 days from the date of service of this order, the Debtor shall file with the appropriate agency any delinquent federal or state tax return for any tax period.

    B. Within three business days following the end of all pay periods, the Debtor shall make all tax deposits as required by the Internal Revenue Service and the State of Florida.

    C. The Debtor shall timely file all federal and state tax returns required to be filed after the commencement of this case and shall timely pay all personal federal and state taxes that are due and payable after the commencement of this case.

    D. The Debtor shall maintain copies of all tax returns, reports, and proof of all payments and make these available upon request for inspection by any representative of the appropriate taxing agency, the United States Trustee, or any trustee appointed in the case.

14. To provide for the swift and efficient management of this Chapter 11 case, the Court orders as follows:

    A. The Debtor (including Debtors involved in a small business case as defined by 11 U.S.C. §101(51 c & d), shall file a disclosure statement and plan of reorganization no later than 150 days from the date of the order for relief under Chapter 11.

    B. Any motion for an extension of time to file a disclosure statement and plan shall be filed before 120 days from the date of the order for relief under Chapter 11 and shall state good cause for such relief.

15. These conditions and the limitations imposed on the Debtor by 11 U.S.C §1107 and Fed. R. Bankr. P. 2015(a), (c) and (e) shall remain in full force and effect unless vacated or modified by the Court, the plan is confirmed, or the case is dismissed or converted, and the Court retains jurisdiction to alter, modify, amend, revoke, enforce, and impose sanctions with respect to each provision of this order. Failure to comply with any of

the provisions of this order also shall constitute cause for the dismissal or conversion of this case.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.