ORDERED.

Dated: **September 03, 2015**

/s/ Karen S. Jennemann
Karen S. Jennemann
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| PROGRESSIVE PLUMBING, INC., | Case No.: 6:15-bk-07275-KSJ |
| PROGRESSIVE SERVICES, LLC, and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No.: 6:15-bk-07276-KSJ |
| CENTER, INC. | Case No.: 6:15-bk-07277-KSJ |
| Debtors. | |
| _____/ | |

## FIRST INTERIM ORDER GRANTING DEBTOR'S MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING

**THIS CASE** came on for an emergency preliminary hearing on August 27, 2015 (the "Hearing") upon the Emergency Motion to Use Cash Collateral filed by Progressive Plumbing, Inc. (the "Debtor"), filed on August 24, 2015 (Doc. No. 4) (the "Motion"). The Motion seeks authority to use cash collateral and to provide adequate protection to First Green Bank ("FGB"), the Internal Revenue Service (the "IRS"), and Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Darwin") on an interim basis. Upon consideration of the Motion, the evidence presented, and the positions of the parties at the Hearing, it is

**ORDERED:**

1

1. <u>Interim Authorization Granted</u>. The Motion is granted on an interim basis as provided herein, subject to the right of any party in interest to petition the Court for reconsideration of this Order at any time prior to the confirmation of any plan of reorganization of the Debtor.

2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached hereto, plus an amount not to exceed ten percent (10%) for each line item (provided no amount shall be disbursed for pre-petition sales tax, absent proper application and entry of an order by the Court); and (c) such additional amounts as may be expressly approved in writing by FGB, the IRS, and/or Darwin (collectively, the "Creditors"), to the extent such Creditor has an interest in such cash collateral. This authorization will continue until the effective date of any confirmed plan of reorganization of the Debtor, or until further order of this Court. Except as authorized in this order, the Debtor is prohibited from use of cash collateral.

3. <u>Debtor Obligations</u>. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. <u>Access to Records and Premises</u>. Upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Debtor shall grant the Creditors access to the Debtor's business records and premises for inspection.

5. <u>Replacement Lien</u>. The Creditors shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as its respective

prepetition liens, without the need to file or execute any document as may otherwise be required under applicable nonbankruptcy law.

6. <u>Insurance</u>. The Debtor shall maintain all its insurances including liability and casualty insurance coverage in accordance with state law and its obligations under the agreements with its Creditors.

7. <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of cash collateral; or (b) any other right or remedy which may be available to the Creditors.

8. <u>Creditors Committee</u>. The provisions of this Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly-appointed committee to challenge the validity, priority, or extent of any lien(s) asserted against cash collateral.

9. <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

10. <u>Adequate Protection Payments to FGB</u>. As additional protection for the Bank's interest in the cash collateral, the Debtor shall make monthly payments in the amount of $6,800.00 on the mortgage loan (split with affiliate Debtor Progressive Services, LLC) and $2,550.00 on its line of credit (also split) to FGB up to the effective date of any confirmed plan of reorganization of the Debtor. The monthly payments shall be applied by FGB as provided for in its loan documents.

11. <u>Adequate Protection Payments to the IRS</u>. As additional protection for the Bank's interest in the cash collateral, the Debtor shall make monthly payments in the amount of $12,000.00 to the IRS up to the effective date of any confirmed plan of reorganization of the Debtor.

12. <u>Continued Hearing</u>.  The hearing on this Motion is continued to September 9, 2015, at 9:30 a.m.

Attorney Michael Nardella is directed to serve a copy of this order on interested who are non-CM/ECF users parties and file a proof of service within 3 days of entry of the order.

# Exhibit A

Budget Through October

**Exhibit A**

| Progressive Plumbing, Inc | PPI August | PPI September | PPI October |
|---|---|---|---|
| **Income** | | | |
| Skyhouse Channelside | | 4,000.00 | |
| Discovery Village | | 81,562.53 | 40,000.00 |
| Townplace | 82,000.00 | 47,000.00 | 100,000.00 |
| Titan | | 99,951.12 | 60,000.00 |
| Watercrest | | 68,418.00 | 50,000.00 |
| | 82,000.00 | 300,931.65 | 250,000.00 |
| Labor | (36,000.00) | (81,251.55) | (67,500.00) |
| Taxes | (10,000.00) | (22,569.87) | (18,750.00) |
| Material | - | (126,391.29) | (105,000.00) |
| Subcontractor | - | (12,037.27) | (10,000.00) |
| Equipment Rental | - | (5,266.30) | (4,375.00) |
| | 36,000.00 | 53,415.37 | 44,375.00 |
| **Retainage Money** | | | |
| 1800 West End | 91,000.00 | - | - |
| Vendor Payment | (20,320.21) | - | - |
| Hyatt SC ** | - | 70,000.00 | - |
| Vendor Payment | - | (2,911.10) | |
| Residence Orlando ** | - | 97,175.54 | |
| Vendor Payment | - | (21,410.96) | |
| Whiting-Turner ** | - | 34,456.15 | |
| Vendor Payment | | (4,953.83) | |
| Skyhouse Channelside | | | 178,000.00 |
| Vendor Payment | | | (8,032.50) |
| Skyhouse Raleigh | | | 65,000.00 |
| Vendor Payment | | | (3,223.96) |
| | 70,679.79 | 172,355.80 | 231,743.54 |
| **G & A Expenses** | | | |
| First Green Bank Mortgage | 6,800.00 | 3,400.00 | 3,400.00 |
| First Green Bank LOC | 2,100.00 | 2,100.00 | 2,100.00 |
| Monthly IRS Payment | 3,000.00 | 12,000.00 | 12,000.00 |
| Marlin Lease | - | - | - |
| Auto Repair and Maintenance | - | 500.00 | 500.00 |
| Equipment Repair and Maintenance | - | 100.00 | 100.00 |
| Service Charges | - | 100.00 | 100.00 |
| Cellular Bill | - | 1,500.00 | 1,500.00 |
| Phone | - | 510.00 | 510.00 |
| Canon Lease | - | - | - |
| Electrical | - | 750.00 | 750.00 |
| Water, Sewer and Trash | - | 300.00 | 300.00 |
| Computer Software Maintenance | - | 800.00 | 800.00 |
| Postage | - | 250.00 | 250.00 |
| General Liability & Auto | 25,500.00 | 25,500.00 | 15,000.00 |
| Ford Truck Payments | - | 2,700.00 | 1,000.00 |
| Nissan Truck Payments | - | 1,850.00 | 1,850.00 |
| Dental and Life Insurance | 1,330.00 | 1,300.00 | 1,300.00 |
| Property/Inland Marine | 1,500.00 | 1,500.00 | 1,500.00 |
| GPS | - | 249.00 | 249.00 |
| Lawn Maintenance | - | 1,030.00 | 1,030.00 |
| Health Insurance | 10,500.00 | 10,500.00 | 10,500.00 |
| Drug Testing | - | 500.00 | 500.00 |
| Office Supplies | 100.00 | 350.00 | 350.00 |
| Shipping Fed-Ex | - | 100.00 | 100.00 |
| W/C Insurance | 5,538.70 | 5,600.00 | 5,600.00 |
| Legal Fees | - | 3,000.00 | 3,000.00 |
| Professional Services | - | 3,000.00 | 3,000.00 |
| Payroll Office | 16,000.00 | 24,000.00 | 24,000.00 |
| Payroll Taxes | 5,000.00 | 7,500.00 | 7,500.00 |
| Petty Cash | - | 2,000.00 | 2,000.00 |
| | 77,368.70 | 112,989.00 | 100,789.00 |
| **Net** | 29,311.09 | 112,782.17 | 175,329.54 |