ORDERED.

Dated: **September 03, 2015**

_Karen S. Jennemann_
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| PROGRESSIVE PLUMBING, INC., | Case No.: 6:15-bk-07275-KSJ |
| PROGRESSIVE SERVICES, LLC, and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No.: 6:15-bk-07276-KSJ |
| CENTER, INC. | Case No.: 6:15-bk-07277-KSJ |
| | |
| Debtors. | |
| _____/ | |

## **ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION**

THIS MATTER came before the Court for hearing on August 27, 2015, upon the Debtors' Ex Parte Motion for Joint Administration (Doc. No. 5) (the "Motion"). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v)

pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the Case Management Summaries, good and sufficient cause exists for the granting of the relief as set forth herein; it is hereby

**ORDERED:**

1. The Motion is GRANTED.

2. The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. Case No. 6:15-bk-07275-KSJ of Progressive Plumbing, Inc., is designated as the "Lead Case." Cases No. 6:15-bk-07276-KSJ and 6:15-bk-07277-KSJ are transferred to the undersigned judge, if necessary.

3. A single case docket and court file will be maintained hereafter under the "Lead Case" number.

4. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

    Debtors.
_____/

Chapter 11
Case No.: 6:15-bk-07275-KSJ

Jointly Administered with
Case No.: 6:15-bk-07276-KSJ
Case No.: 6:15-bk-07277-KSJ

6. Any party filing a pleading or paper (including a proof of claim) shall caption the pleading or paper in the same manner as used above in this order. However, the clerk shall docket each such pleading or paper only in the Lead Case. When so filed and docketed, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein. Accordingly, no pleading or paper that is filed and docketed in any of these cases after entry and docketing of this order shall be filed and docketed in the other related cases.

7. A pleading filed which relates only to a specific debtor shall refer to that debtor in the heading and shall be served on its creditors as required under the applicable rules.

8. Even though these cases are consolidated for purposes of procedural administration, the cases shall remain separate and distinct for all substantive purposes. Accordingly, the Debtors shall not, except as allowed by prior or subsequent Court order, commingle assets or liabilities.

9. The administration of all other matters, including but not limited to, the filing of a joint plan of reorganization shall be handled jointly with notices served accordingly.

10. Claims filed shall indicate the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case.

11. Counsel for the Debtors shall provide a consolidated Local Rule 1007-2 Parties in Interest list within 14 days of the entry of this Order. The consolidated Local Rule 1007-2 Parties in Interest list shall include each Debtor's twenty largest unsecured creditors.

12. The Clerk is directed to make a docket entry in the cases of Progressive Services, LLC, and Gracious Living Design Center, Inc., alerting parties that an Order has been entered in this cases for the joint administration of these chapter 11 bankruptcy cases for procedural purposes

only and providing for its joint administration in accordance with the terms thereof.

Attorney Michael Nardella is directed to serve a copy of this order on interested who are non-CM/ECF users parties and file a proof of service within 3 days of entry of the order.