FOR UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.

                                    Chapter 11
                                    Case No.: 6:15-bk-07275-KSJ

PROGRESSIVE SERVICES, LLC and           Case No.: 6:15-bk-07276-KSJ
GRACIOUS LIVING DESIGN                   Case No.: 6:15-bk-07277-KSJ
CENTER, INC.
        Debtor.

_____/

## MOTION FOR RELIEF FROM STAY AS TO PROGRESSIVE PLUMBING TO THE EXTENT OF AVAILABLE LIABILITY INSURANCE

Creditor, Kellogg & Kimsey, Inc. ("K&K"), by and through its undersigned counsel, hereby petitions the Court for the entry of an Order that lifts the automatic stay as to the Debtor, Progressive Plumbing, Inc. to the extent that Progressive Plumbing, Inc. has liability insurance available to it regarding a claim for property damages from a water loss incident due to Progressive Plumbing, Inc.'s defective work on a hotel project in Nashville, Tennessee and states:

1.     On August 24, 2015, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2.     This Court has jurisdiction to consider this motion under 28 U.S.C 157 and 28 U.S.C. 1334.

3.     On September 3, 2015, the Court entered an Order Directing Joint Administration of Chapter 11 cases (Doc. # 43).

4.      The facts underling this motion are that on May 20, 2015, K&K filed an action in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, case number 2015-CA- 2804-NC against the Debtor for breach of contract (the "Sarasota Contract Action").

5.      Ace Hospitality, Inc. (Ace) owns property located at 1800 West End Avenue, Nashville, Tennessee 37203.

6.      On October 1, 2012, K&K entered into a standard form agreement with Ace to act as the prime contractor for the construction of a hotel project known as 1800 West End Hotel & MX Development (the "Project").

7.      On February 22, 2013, the Debtor entered into a subcontract agreement with K&K to furnish of all of the shop drawings, labor; materials; equipment, scaffolding, safety equipment, tools, hoisting, supervision, and fabrication; all applicable licenses; delivery and freight costs; loading, unloading, erection, placement or storage of items provided; and other such accessory items necessary for a complete plumbing system required for the Project ("Agreement").

8.      Pursuant to paragraph 21 of the Agreement, the Debtor promised to indemnify and hold harmless K&K and its agents and employees from and against all claims, damages, losses and expenses, including attorneys' fees arising out of the performance of its work on the Project.

9.      K&K alleges in its complaint in the Sarasota Contract Action that the Debtor materially breached its agreement with K&K.

10.      On May 26, 2015, K&K initiated suit against the Debtor and the Debtor's surety, Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company in the

Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida Case No. 2015-CA-002631-NC alleging breach of bond (the "Sarasota Bond Action").

11.    The facts alleged in the Sarasota Bond Action are on March 26, 2013, at the request of the Debtor, Allied Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied"), as surety, issued bond no. D00000007, on behalf of the Debtor, as principal for the Project, in favor of K&K in the penal sum amount of One Million Seven Hundred Fifty Thousand and 00/100 Dollar (1,750,000.00) (the "Sarasota Performance Bond"). (The Sarasota Contract action and the Sarasota Bond Action are referred to as the "State Actions").

12.    Under the terms of the Bond, the Debtor, as Principal, and Allied, as Surety, are obligated to correct the Debtor's defective Work, including latent defects discovered after the completion and issuance of the Certificate of Occupancy for the Project.

13.    Because of the Debtor's defective work, Advanced Structural Drying Technologies, Inc. ("ASDT"), a full restoration and water remediation company, was hired to repair the damage caused by the Debtor. The Debtor executed the contract to engage ASDT to do the repair work.

14.    Under the terms of the Subcontractor Performance Bond, "whenever the Subcontractor shall be, and be declared by General Contractor to be in default under the Subcontract...the Surety shall: Promptly reimburse General Contractor for all losses, costs, and expenses, including reasonable attorney's fees, incurred by General Contractor in the course of supplementing Subcontractor's performance; completing Subcontractor's performance; or, incurred on account of General Contractor allowing Subcontractor to continue with its work while damages accrue and accumulate..."

15.     The Surety and the Debtor materially breached the Subcontractor Performance Bond, and are jointly and severally liable for such breach.

16.     United Specialty Insurance Company ("United"), the Debtor's Commercial General Liability Carrier, has proposed a partial settlement of the ASDT claim against the Debtor and K&K.

17.     Under the terms of the proposed settlement, United agrees to pay $133,675.49 to ASDT on behalf of the Debtor.  In consideration for the payment, Ace, K&K and ASDT will release United from any and all claim arising under Policy BVO1423059 effective 10/1/14 to 10/1/15. A copy of the proposed Settlement Agreement and Limited Release is attached hereto as Exhibit A.

18.     United has agreed it will not assert any claim against the Debtor or its surety for any deductible associated with the settled claim or seek subrogation or indemnification from the Debtor or its surety for the payment made in settlement of the ASDT claim.

19.     While United has offered the proposed settlement which is acceptable to K & K and ASDT, the Debtor and Allied have not accepted the proposed partial settlement. Accordingly, K & K seeks relief from the Automatic Stay to litigate the State Court Actions to determine liability of the Debtor and to be able to credit any payment by United against the Debtor's liability.

### Argument in Favor of Relief from Stay

20.     Insurance policies issued to the Debtor are generally considered to be property of the Estate. *Matter of Edgeworth,* 993 F. 2d 51, 55 (5th Cir. 1993). However, the question of whether the proceeds of an insurance policy are property of the Estate should be analyzed in light of the facts of each case. *In re Scott Wetzel Services, Inc.,* 243 B.R. 802 (Bankr. M.D. Fla. 1999).

4

21.     The *Edgeworth, Supra.* case states:

> [T]he overriding question when determining whether insurance proceeds
> are property of the estate is whether the debtor would have a right to
> receive and keep those proceeds when the insurer paid on the claim. When
> a payment by an insurer cannot inure to the debtor's pecuniary benefit,
> then the payment should neither enhance nor decrease the bankruptcy
> estate.

22.     Here, the Debtor does not have a "cognizable" interest in the proceeds of the

liability policy because the proceeds are payable only for the benefit of ASDT, the party harmed

by the Debtor and payable under the terms of the insurance contract between the Debtor and

United.


**WHEREFORE,** the K&K moves for relief from the Automatic Stay to allow K&K to

pursue the State Actions against the Debtor to determine liability and recover and apply the

proceeds of the Debtor's liability insurance policy.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 1, 2016, I electronically filed the foregoing *Motion for Relief from Stay as to Progressive Plumbing to the Extent of Available Liability Coverage* with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been furnished to all parties participating in CM/ECF Electronic Noticing.

WILLIAMS PARKER HARRISON
DIETZ & GETZEN

/s/  M. Lewis Hall, III
M. Lewis Hall, III, Esq.
Florida Bar No. 0249513
200 South Orange Avenue
Sarasota, FL 34236
Email: lhall@williamsparker.com
Telephone: (941)366-4800
Fax: (941)954-3172
Attorneys for Creditor, K&K

3661330.v1