## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement and Limited Release Agreement (the "Agreement") is made by and between Progressive Plumbing, Inc. ("Progressive"), Ace Hospitality, Inc. ("Ace"), Kellogg & Kimsey, Inc. ("K&K"), United Specialty Insurance Company ("United"), Advanced Structural Drying Technologies, Inc. ("ASDT"), and each of their members, owners, employees. Progressive, Ace, K&K, and ASDT shall hereinafter be referred to jointly as "The Parties".

### RECITALS

A.   ASDT performed certain water leak remediation and repairs at the Springhill Suites/Residence Inn Job located at 1800 West End, Nashville, Tennessee ("Project").

B.   A claim (Claim Number # 0003403) was made by K&K against United, Progressive's Commercial General Liability insurance carrier as a result of a demand for monetary damages made by ASDT for remediation work performed at the Project on or before 03/01/2015 (the "Claim").

C.   The Parties have disputes with each other arising out of the Parties' respective contracts and the construction of the Project, which are unrelated to the Claim and which are not a part of this Agreement ("Unrelated Claims").

### AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual promises and agreements contained herein, and for valuable and mutual consideration, the receipt and sufficiency of which are hereby acknowledged, in order to avoid the costs and uncertainties of litigation, the Parties hereby agree as follows:



EXHIBIT A

1. <u>Recitals.</u> The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference.

2. <u>Settlement Amount.</u> United agrees to pay or cause to be paid the sum of **One Hundred Thirty Three Thousand Six Hundred Seventy Five and 49/100--- ($133,675.49) Dollars** to ASDT (on behalf of Progressive), within ten (10) days of the date of execution of this Settlement Agreement.

3. <u>Parties.</u> As for each of the Parties, this Agreement shall apply to and on behalf of the officers, directors, members, employees, agents, subsidiaries, affiliates, parent organizations, predecessor, successor or assigns.

4. <u>Limited Release.</u> In consideration of the payment of the aforementioned settlement amount, Progressive, Ace, K&K, and ASDT including any successors, assigns, officers, directors, employees, attorneys, parents, subsidiaries, affiliates, insurers and agents, of each of them, agree to release and discharge United, including any of the successors, assigns, officers, directors, employees, attorneys, parents, subsidiaries, affiliates, and agents, of United, from any and all claims, causes of action, or liabilities of any type including, but without limitation, any claims for damages against United CGL Policy BVO1423059 effective 10/1/14 to 10/1/15 whether sounding in contract or tort, punitive damages, fraud, misrepresentation, malpractice, breach of fiduciary duty, and violation of statute, whether legal, equitable or administrative, or for breach of statutory duties), debts, duties, benefits, costs, expenses, judgments, settlements, actions, causes of action, demands, obligations, liabilities, promises, acts, agreements, rights, damages (including, but not limited to, compensatory, contractual, bad faith, punitive, exemplary, statutory or extra-contractual damages, or any other damages), losses, attorneys' fees, or other relief of any kind or character, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether at law or

in equity, which any of them now has or may hereafter acquire by reason of, in connection with, based on, arising out of, related to, or in any way involving the Claim.

Nothing contained herein shall be deemed as a compromise or release of any claims United and/or its insurer has/have or may have in subrogation or otherwise against any other entity responsible for the damages for which the Claim is based. Further, nothing contained herein shall affect the rights of the parties as they pertain to other contracts/agreements with other parties.

6.  **Subrogation and Assignment.** The Parties agree that United shall be subrogated to their right to pursue collection from any other entity which may be responsible with regard to the Claim being paid as part of this compromise. The Parties also represent, warrant, and certify that they have not executed any release or made any other written or oral agreement which might release, destroy or otherwise affect any subrogation claim which United may have by reason of this agreement to anyone responsible for such loss and that no such settlement will be made, nor release given without the written consent of the United. The Parties hereby assign to United any and all claims they have or may have against any other third parties for the damages for which the Claim is based. United shall be entitled to retain any proceeds from the recovery from any other entity, provided any such recovery is related solely to the Claim.

The Parties will cooperate with United in any of United's subrogation or recovery efforts, including but not limited to, by supplying any relevant documents that may exist, witnesses if any (available at or near their place of business), or other existing information necessary in pursuing any subrogation or recovery claim.

9.  **Fees to Enforce Agreement.** If any legal action must be instituted or pursued for the purpose of enforcing or interpreting any provision of this Agreement, the prevailing party shall be

entitled to recover, in addition to all other relief, an amount equal to all reasonable attorney's fees, costs and expenses.

10. <u>Settlement Not An Admission.</u> This Agreement, and any negotiations or proceedings connected with it, shall not in any event constitute or be construed as, or be deemed to be evidence of, an admission of or concession of any wrongdoing or liability or admission of insurance coverage by any party hereto.

11. <u>Warranty.</u> The Parties warrant that they have read this Agreement and fully understand it to be a compromise and settlement of the Claim.

12. <u>Representation by Counsel.</u> The Parties represent and warrant that they have consulted or have had the opportunity to consult with an attorney of their own selection concerning this Agreement, and that they are signing this Agreement with full benefit of, or opportunity to consult, legal counsel. The Parties warrant that each of them is relying on his or her own judgment, as advised by counsel in this matter. The Parties warrant that their counsel has read and explained to them the entire contents of this Agreement in full, as well as the legal consequence of this Agreement.

13. <u>Binding Agreement.</u> This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective heirs, executors, administrators, legal representatives, successors and assigns.

14. <u>Validity of Agreement.</u> If any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision hereof, and this

Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

15. <u>Entire Agreement.</u> This Agreement constitutes the complete and entirety of the agreement between these Parties. The Parties represent that no other promises or agreements have been made which are not expressly outlined herein.

16. <u>Signing in Counterparts.</u> This Agreement may be executed in multiple originals or counterparts of equal dignity, each of which will be deemed an original, but all of which will constitute one and the same instrument. Any party may sign any such counterpart, and it will not be necessary for the validity of this Agreement that all of the Parties sign any one counterpart. The facsimile copy of a party's signature on this Agreement will be valid for all purposes and will be deemed the equivalent of an original.

17. <u>Modification.</u> This Agreement may not be modified or amended except by a written instrument signed by all Parties hereto and referring specifically to this Agreement.

18. <u>Construction.</u> The Parties acknowledge that each party and its counsel have reviewed and revised or approved this Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any amendments or exhibits hereto.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first written below.

**PROGRESSIVE PLUMBING, INC.**

Date:_____

By:_____
Printed Name:_____
Its:_____

**ACE HOSPITALITY, INC.**

Date:_____

By:_____
Printed Name:_____
Its:_____

**KELLOG & KIMSEY**

Date:_____

By:_____
Printed Name:_____
Its:_____

**ADVANCED STRUCTURAL DRYING TECHNOLOGIES, INC.**

Date:_____

By:_____
Printed Name:_____
Its:_____