IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.

    Chapter 11
    Case No.: 6:15-bk-07275-KSJ

PROGRESSIVE SERVICES, LLC and
GRACIOUS LIVING DESIGN
CENTER, INC.
    Debtor.

    Jointly administered with:
    Case No.: 6:15-bk-07276-KSJ
    Case No.: 6:15-bk-07277-KSJ

_____/

## KELLOGG & KIMSEY'S OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

Creditor, Kellogg & Kimsey, Inc. ("K&K"), by and through its undersigned counsel, hereby objects to confirmation of the *Joint Plan of Reorganization Submitted by Progressive Plumbing Inc., Progressive Services, LLC, & Gracious Living Design Center, Inc.* [Doc. #239] (the "Plan") and final approval of the *Joint Disclosure Statement Pursuant to 11 U.S.C. §1125 for Progressive Plumbing Inc., Progressive Services, LLC, & Gracious Living Design Center, Inc.* [Doc. # 247] (the "Disclosure Statement") file by Progressive Plumbing, Inc. (the "Debtor") and states as follows:

### Background

1. On August 24, 2015, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. On October 1, 2012, K&K entered into a standard form agreement with Ace Hospitality, Inc. ("Ace") to act as the prime contractor for the construction of a hotel project known as 1800 West End Hotel & MX Development (the "Project"). In connection with the

1

project K&K entered into a subcontract agreement with the Debtor for the Debtor to provide a complete plumbing system for the Project (the "Agreement"). Pursuant to paragraph 21 of the Agreement, the Debtor promised to indemnify and hold harmless K&K and its agents and employees from and against all claims, damages, losses and expenses, including attorneys' fees arising out of the performance of its work on the Project.

3.  On March 26, 2013, at the request of the Debtor, Allied Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied"), as surety, issued bond no. D00000007, on behalf of the Debtor, as principal for the Project, in favor of K&K in the penal sum amount of One Million Seven Hundred Fifty Thousand and 00/100 Dollar (1,750,000.00) (the "Performance Bond"). Under the terms of the Performance Bond, the Debtor, as principal, and Allied, as surety, are obligated to correct the Debtor's defective work, including latent defects discovered after the completion and issuance of the certificate of occupancy for the Project.

4.  As a result of the Debtor's defective work on the Project and breach of the Agreement, K&K incurred substantial damages and prior to the Petition Date filed lawsuits in Florida Sate Court (the "State Court Actions") pursuing claims against the Debtor and Allied.

5.  On December 7, 2015, K&K timely filed Claim 35-1 as an unsecured claim in the amount of $813,547.94 ("K&K's Claim") based on the Debtor's breach of the Agreement.

6.  On April 1, 2016, K&K filed its *Motion for Relief from Stay as to Progressive Plumbing to the Extent of Available Liability Insurance* [Doc. 251] ("K&K's Motion for Relief"), seeking relief from the automatic stay to pursue claims against the Debtor in State Court Actions to determine liability and to recover and apply the proceeds of the Debtor's liability insurance policy against damages incurred by K&K.

7.      K&K believes that it has reached an agreement with the Debtor resolving K&K's Motion for Relief; however, K&K raises the following objections to the Plan and the Disclosure Statement in the event that K&K and the Debtor are not able to resolve K&K's Motion for Relief.

### Basis for Relief

8.      K&K objects to the Disclosure Statement pursuant to 11 U.S.C. § 1125(a) in that it fails to provide adequate information to allow K&K to make an informed decision when voting for the Plan. By way of example, and not limitation, the Disclosure Statement fails to provide adequate information regarding the treatment of K&K's Claim, and if the Debtor will pay K&K's Claim only in part (as described in the Class 31 treatment provisions); if Allied will pay K&K's Claim in full or in part (as described in the Class 5 treatment provisions); or if K&K's Claim will be paid in part by Allied and in part by the Debtor – and in such case to what extent will K&K's Claim be paid.

9.      K&K objects to the Plan on the following basis: (i) the Plan fails to comply with Section 1129(a)(7) because the Debtor has failed to demonstrate that the Plan is in the best interest of creditors; (ii) the Plan fails to comply with Section 1129(a)(10) to the extent the Debtor does not get an affirmative vote of an impaired class of creditors; (iii) the Plan fails to satisfy Section 1129(a)(11)'s feasibility requirement in that the Debtor has not demonstrated that the Plan is not likely to be followed by the need for liquidation or further reorganization; (iv) the Plan violates the absolute priority rule embodied in Section 1129(b) in that it proposes to pay unsecured creditors less than the full value of their claims and purports to leave the equity interests unimpaired; and (v) the Plan violates Section 1129(b) in that the Debtor's proposed treatment of unsecured creditors is not fair and equitable.

**WHEREFORE**, K&K respectfully requests that this Court enter an order: (i) sustaining this Objection; (ii) denying confirmation of the Plan; (iii) denying final approval of the Disclosure Statement; and (iv) granting such other and further relief as this Court deems just and equitable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2016, I electronically filed the foregoing *Kellogg & Kimsey's Objection to Debtor's Plan of Reorganization and Disclosure Statement* with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been furnished to all parties participating in CM/ECF Electronic Noticing.

WILLIAMS PARKER HARRISON
DIETZ & GETZEN

/s/ M. Lewis Hall, III
M. Lewis Hall, III, Esq.
Florida Bar No. 0249513
200 South Orange Avenue
Sarasota, FL 34236
Email: lhall@williamsparker.com
Telephone: (941)366-4800
Fax: (941)954-3172
Attorneys for Creditor, Kellogg & Kimsey, Inc.

3772815.v1