ORDERED.

**Dated:  July 08, 2016**

_Karen S. Jennemann_
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:15-bk-07275-KSJ |
| | Chapter 11 |
| PROGRESSIVE PLUMBING, INC. | |
| | |
| PROGRESSIVE SERVICES, LLC and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No. 6:15-bk-07276-KSJ |
| CENTER, INC., | Case No. 6:15-bk-07277-KSJ |
| | |
| Debtors. | |
| _____/ | |

**ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT AND CONFIRMING
DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

THIS CASE came on for hearing on June 10, 2016 at 11:00 a.m. (the "Hearing") to

consider confirmation of PROGRESSIVE PLUMBING, INC. ("Progressive"), PROGRESSIVE

SERVICES, LLC ("Progress Services") and GRACIOUS LIVING DESIGN CENTER, INC.

("Gracious" and together with Progressive and Progressive Services, collectively the "Debtors")

Joint First Amended Plan of Reorganization filed on June 6, 2016 (Doc. No. 239 or 302)

("Amended Plan"), the Objection to Disclosure Statement and Confirmation filed by creditor

Kellogg & Kimsey Construction Management, Inc. ("Kellogg & Kimsey") (Doc. No. 300), the

Ore Tenus Motion to Change Vote by creditor Kellogg & Kimsey, and the Ore Tenus Motion to

Amend Plan by Debtor Progressive.  On April 4, 2016, the Court previously entered its Order

1

Conditionally Approving the Disclosure Statement, Scheduling Hearing on Confirmation of the

Amended Plan of Reorganization, Fixing Time for Filing Fee and Other Administrative Expense

Applications, and Fixing Time for Filing Acceptance or Rejections of Plan (Doc. No. 253)

("Disclosure Statement Order"), pursuant to which copies of the Joint Disclosure Statement (Doc.

No. 247) ("Disclosure Statement"), Amended Plan, and Disclosure Statement Order were

distributed to all creditors, Holders of Impaired Claims and/or Impaired Interests, and all parties-

in-interest on April 15, 2016 (Doc. No. 270).  Capitalized terms used herein and not otherwise

defined shall have the respective meanings ascribed to them in the Amended Plan and Disclosure

Statement.  The Hearing was held on notice to all creditors and interested parties.

The Court has reviewed the Joint Confirmation Affidavit of the Debtors filed on June 6,

2016 (Doc. No. 312) ("Confirmation Affidavit") and the Ballot Tabulation filed by the Debtors on

June 6, 2016 (Doc. No. 303) ("Ballot Tabulation"). After review and consideration of the

Disclosure Statement, the Amended Plan, the Confirmation Affidavit, the Ballot Tabulation, the

testimony proffered at the Hearing and the arguments of counsel and interested parties present at

the Hearing, the Court makes the following findings of fact and conclusions of law pursuant to

Rule 7052(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") as applicable

pursuant to Rule 9014 of the Bankruptcy Rules:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      The Debtors, as proponents of the Amended Plan, have provided good and

sufficient notice of: (a) the filing of the Amended Plan and Disclosure Statement; (b) the deadline

to file and serve objections to confirmation of the Amended Plan and Disclosure Statement; (c)

the deadline and procedures for voting on the Amended Plan; and (d) the hearing date to consider

confirmation of the Amended Plan. The Court finds that, in accordance with section 1125(e) of

the Bankruptcy Code, the Debtors acted in good faith in soliciting acceptances or rejections of the Amended Plan and is in compliance with all applicable provisions of the Bankruptcy Code.

B. The Debtors provided all parties in interest an adequate opportunity to be heard regarding the Disclosure Statement and Amended Plan. All parties received adequate notice in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

C. The Court has jurisdiction over the Debtors' chapter 11 case to conduct the Hearing and to confirm the Amended Plan pursuant to 28 U.S.C. § 1334.

D. The Amended Plan designates Classes of Claims and Interests in accordance with section 1122 of the Bankruptcy Code.

E. The Amended Plan adequately and properly classified all Claims and Interests required to be classified, and, accordingly satisfies section 1123(a)(1) of the Bankruptcy Code.

F. The Amended Plan specifies any Classes of Claims against the Debtors that are unimpaired or impaired under the Amended Plan, and, accordingly satisfies sections 1123(a)(2) and (3) of the Bankruptcy Code.

G. The Amended Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment. Accordingly, the Amended Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

H. Article VI of the Amended Plan sets forth the means by which the Amended Plan will be implemented. The Amended Plan makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code.

I.      The Amended Plan complies with the applicable provisions of the Bankruptcy Code and, therefore, satisfies section 1129(a)(1) of the Bankruptcy Code.

J.      The Debtors have solicited and tabulated votes in connection with the Amended Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order. The Debtors have complied with all applicable provisions of the Bankruptcy Code and, as such, the Debtors have satisfied section 1129(a)(2) of the Bankruptcy Code.

K.      This Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. The Amended Plan has been proposed in good faith by the Debtors and not by any means forbidden by law, and therefore complies with section 1129(a)(3) of the Bankruptcy Code.

L.      All payments made, or to be made, by the Debtors in connection with its case or in connection with the Amended Plan either have been approved by or are subject to approval of the Court. Accordingly, the Debtors have satisfied section 1129(a)(4) of the Bankruptcy Code.

M.      The Debtors have disclosed the identity of the persons who will serve as the directors of the Reorganized Debtors and the identity of the persons who will serve as the, President, Vice- President, Secretary, and Treasurer of the Reorganized Debtors. Accordingly, the Amended Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

N.      The liquidation analysis and Confirmation Affidavit by the Debtors demonstrates that holders of claims and interests in the Debtors' Bankruptcy Case will receive or retain under the Amended Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the

Debtors were liquidated under chapter 7 of the Bankruptcy Code and, as such, the Debtors have satisfied section 1129(a)(7) of the Bankruptcy Code.

O.       Classes 1, 2, 3, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 26, 28, 29, 30, 31, 32, 33 and 37 either voted to accept the Amended Plan or are unimpaired. However, classes 4, 6, 7, 22, 23, 25 and 27 are impaired and did not vote to accept the Plan. Accordingly, the Amended Plan does not comply with section 1129(a)(8) of the Bankruptcy Code.

P.       Article III of the Amended Plan provides that, except as otherwise agreed to by the Holder of an Allowed Administrative Claim and the Debtors, all Allowed Administrative Claims shall be paid by the Debtors.  Under the Amended Plan, except to the extent that the Holder and the Debtors have agreed or may agree to a different treatment, each Holder of an Allowed Priority Tax Claim will be paid in full with interest over 60 months following the Effective Date. Accordingly, the Amended Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Q.       Classes 1, 2, 3, 5, 31 and 32 are impaired under the Amended Plan and voted to accept the Amended Plan.   Accordingly, the Amended Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

R.       Based upon the projections incorporated into the Joint Confirmation Affidavit and for the reasons stated at the Confirmation Hearing, the Court finds that the Amended Plan is not likely to be followed by a liquidation or the need to further reorganize, and that the Amended Plan has a reasonable likelihood of success, and therefore satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code.

S.      The Amended Plan provides for the payment on the Effective Date (or as soon practicable thereafter) of all fees payable under Section 1930, Title 28, United States Code. Consequently, the Amended Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

T.      The Ballot Tabulation filed by the Debtors on June 6, 2016, validly and correctly sets forth the tabulation of votes on the Amended  Plan, as required by the Bankruptcy Code, Bankruptcy Rules, and the Disclosure Statement Order.

U.       Classes 4, 6, 7, 22, 23, 25 and 27 are impaired classes that did not vote to accept the plan. However, the plan does not discriminate unfairly against these classes and is fair and equitable with respect to each of these classes. Accordingly, the Debtors have satisfied the requirements of section 1129(b). The Court has previously entered orders of cramdown against these impaired non-accepting classes.

V.      The Amended Plan satisfies all applicable provisions of the Bankruptcy Code and, as required by Rule 3016(a) of the Bankruptcy Rules, is dated and identifies the Debtors as the proponent.

W.      The Debtors filed the Disclosure Statement with the Amended Plan or within a time frame fixed by the Court in compliance with section 1125 and section 1126(b) of the Bankruptcy Code. As such, the Debtors satisfied Rule 3016(b) of the Bankruptcy Rules.

X.      The failure to include or refer to any provision of the Amended Plan in this Confirmation Order shall have no effect on the validity, binding effect, and/or enforceability of such provisions. It is the intent of the Court that the Amended Plan be confirmed in its entirety. To the extent an inconsistency exists between the terms of this  Confirmation Order and the Amended Plan, the terms of the Confirmation Order shall control.

Y.      If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent Order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the obligations incurred or undertaken in connection with the Amended Plan prior to the Debtors' receipt of written notice of any such order; nor shall such reversal, modification, or vacatur hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation hereof, any such obligations incurred or undertaken pursuant to and in reliance on this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions hereof and of the Amended Plan.

For the foregoing reasons, the Court determines that the Amended Plan should be confirmed. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2.      The Amended Plan is in all respects confirmed pursuant to section 1129 of the Bankruptcy Code and all of its terms and provisions are hereby approved. The Debtors are authorized and directed to take any and all actions contemplated to be taken by it under the Amended Plan including making payments to the various classes of creditors as set forth in the attached Exhibit "A".

3.      The Objection to Disclosure Statement filed by Kellogg & Kimsey (Doc. No. 300) was orally withdrawn.

*4.* The Debtors made an *ore tenus* motion to modify the Amended Plan in connection with the treatment of class 33 (Gracious unsecured creditors). The motion was granted at the Confirmation Hearing. Each holder of an allowed unsecured claim in class 33 will be paid in full on the Effective Date. Class 33 is unimpaired.

5. To the extent that any other objections to confirmation of the Amended Plan have not been withdrawn prior to entry of this Confirmation Order, are not cured by the relief granted herein or resolved as stated by the Debtors on the record of the hearing on Confirmation, any such objections are overruled.

6. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Amended Plan and pursuant to this Confirmation Order, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors herein; fix and award all compensation to parties who may be so entitled; hear and determine all questions concerning the assets or property of the Debtors, including any questions relating to any sums of money, services, or property due to the Debtors, and the vesting of any assets in the Reorganized Debtors in accordance with the Amended Plan; and to determine all matters of any nature or type necessary or appropriate to carry out the Amended Plan.

7. Notwithstanding Local Rule 3022-1, the requirements of which are hereby supplanted, the Debtors shall file a report within ninety (90) days from the Effective Date, setting forth the progress made in consummating the Amended Plan. The report shall include: (a) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (b) a statement of transfer of property; and (c) a statement of affirmation that the Debtors have substantially complied with the provisions of the confirmed Amended Plan.

8.      The provisions contained in Article V of the Amended Plan relating to the assumption and rejection of unexpired leases and executory contracts are hereby approved and found to be fair and reasonable. The executory contracts and unexpired leases listed on **Exhibit A** to the Amended Plan are assumed.  Each unexpired lease or executory contract not expressly assumed is deemed rejected as of seven (7) Business Days prior to the Confirmation Hearing.

9.      In accordance with the Amended Plan, any objections to Claims shall be commenced within ninety (90) days after the Effective Date. The Debtors shall exercise its prudent business judgment in connection with prosecuting all objections to Claims.

10.      In accordance with section 1142 of the Bankruptcy Code, the Debtors, and any other entity designated under the Amended Plan, is authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate, and otherwise effectuate the Amended Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed, and delivered by them as necessary or appropriate to implement and effectuate the transactions contemplated by the Amended Plan.

11.      Upon the occurrence of the Effective Date and in accordance with section 1141(a) of the Bankruptcy Code, the provisions of the Amended Plan and this Confirmation Order are binding on the Debtors, each Creditor, and every other party in interest in this Bankruptcy Case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Amended Plan, whether or not they are impaired under the Amended Plan, and whether or not any such Holder has filed, or is deemed to have filed, a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Amended Plan, and any lessor or lessee of property to or from the Debtors.  Subject to the terms

of the Amended Plan, the rights afforded in the Amended Plan (and as provided in this Confirmation Order) and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interest of any nature whatsoever, known or unknown, including, except as expressly provided in the Amended Plan or this Confirmation Order, interest accrued on or expenses incurred in connection with such Claims from after the Petition Date, against the Debtors or its property or interests in property, and shall, except as expressly provided in the Amended Plan or this Confirmation Order, discharge the Debtors effective immediately from any Claim and any "debt" (as that term is defined in section 101(12) of the Bankruptcy Code) incurred before the Confirmation Date, and shall completely extinguish the Debtors' liability in respect thereof, including, without limitation, any liability of a kind specified in section 502(g) of the Bankruptcy Code.

12.    To the fullest extent permitted by applicable law, and except as otherwise provided in the Amended Plan and/or the operative documents implementing the Amended Plan, on the Effective Date the Confirmation Order: (a) shall operate as a discharge under 11 U.S.C. §1141(d)(1) of the Bankruptcy Code, and as a release of any and all Claims, Debts, Liens, Security Interests, and encumbrances of and against the Debtors, the Reorganized Debtors and all of the Debtors' property that arose before Confirmation, including without limitation, any monetary Claim(s) of governmental units that arose prior to the Petition Date, any Claim of a kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, and all principal and interest, whether accrued before, on, or after the Petition Date, regardless of whether: (i) a proof of Claim has been filed or deemed filed, (ii) such Claim has been Allowed pursuant to §502 of the Bankruptcy Code, or (iii) the Holder of such Claim has voted to accept or reject the Plan; and (b) from and after the Effective Date: (i) all Holders of Claims shall be barred and enjoined from asserting against the

Debtors and/or the Reorganized Debtors and their property any Claims, Debts, Liens, Security

Interests, set offs, recoupment rights, and encumbrances of and against all property of the Debtors'

estate, and (ii) the Debtors and the Reorganized Debtors shall be fully and finally discharged of

any liability or obligation on a Disallowed Claim or an Interest. Except as otherwise specifically

provided herein, nothing in the Plan shall be deemed to waive, limit, or restrict in any manner the

discharge granted upon Confirmation of the Plan pursuant to §1141 of the Code.

13.    In accordance with sections 524 and 1141(d) of the Bankruptcy Code and except

as otherwise set forth in the Amended Plan and this Confirmation Order, on and after the Effective

Date, all Persons and entities that have held, hold, or may hold Claims against or Interests in the

Debtors that arose or arise at any time prior to the Effective Date shall be permanently enjoined

from (a) commencing or continuing in any manner any action or other proceeding of any kind

against the Debtors, and/or the Reorganized Debtors or with respect to any such Claim or Interest,

(b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment,

award, decree, or order against the Debtors and/or the Reorganized Debtors with respect to any

such Claim or Interest, (c) creating perfecting or enforcing any lien or encumbrance of any kind

against the Debtors and/or the Reorganized Debtors or against any property or interest in property

of the Debtors and/or the Reorganized Debtors with respect to any such Claim or Interest, or (d)

asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due

from the Debtors with respect to any such Claim or Interest, except to the extent allowed in any

adversary proceeding pending before this Court. Unless otherwise provided in the Amended Plan

or this Confirmation Order, all injunctions and stays previously provided for in this Case pursuant

to section 362 of the Bankruptcy Code shall remain in full force and effect until the Effective Date.

14.    In accordance with sections 105(a) and 524 of the Bankruptcy Code, and except as otherwise provided in the Amended Plan and this Confirmation Order, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold: (a) the Debtors; (b) the Reorganized Debtors; (c) the property of any of the Reorganized Debtors, liable for any claim, obligation, right, interests, Cause of Action, debt or liability that has been discharged pursuant to the Amended Plan and for any and all claims arising under bankruptcy or non-bankruptcy law relating in any way to the Debtors or its business.

15.    The discharge, injunction, exculpation and limitation of liability provisions contained in Article VII of the Amended Plan are incorporated herein by reference as if set forth herein in their entirety, are approved in all respects and shall be effective as provided for therein. On the Effective Date, the provisions of Article VII shall be valid, binding and effective in all respect, and are hereby approved as integral parts of the Amended Plan as fair, equitable, reasonable and in the best interests of the Debtors, its estate, creditors, interest holders and other parties in interest in the Bankruptcy Case, without the requirement of any further action by any party in interest in the Bankruptcy Case.  Specifically, except as expressly provided in the Amended Plan or to otherwise enforce the terms of the Amended Plan, as of the date of this Order, all Persons that have held, currently hold or may hold a Claim, other debt or liability, an Interest, or other right of an equity security that is impaired or terminated pursuant to the terms of the Amended Plan, to the fullest extent permitted by applicable law, are enjoined from taking any of the following actions, as long as each respective Reorganized Debtor are not in default of any obligation under the Amended Plan or any agreements contemplated by the Plan and except as specifically provided for in the Amended Plan, on account of any such impaired or terminated

Claims, debts or liabilities, interests or rights:  (i) commencing or continuing in any manner any action or proceeding, including but not limited to Causes of Action, against William Lawson, Charlene Lawson, William Lawson II, or Kimblery Lawson-Sapp (collectively, the "Guarantors"), or their property interests; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against Guarantors, or their property interests, other than as permitted pursuant to (i) above; (iii) creating, perfecting, or enforcing any lien or encumbrance against Guarantors, or their property interests; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to Guarantors; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.  All holders of any such claims and interests are enjoined from commencing or continuing any of the actions detailed herein for so long as Reorganized Debtor and Guarantors remain in compliance with the Amended Plan or any agreements contemplated by the Amended Plan and except as specifically provided for in the Amended Plan.

16.    Except as otherwise expressly provided in the Amended Plan and in this Confirmation Order, all assets and property of the Debtors shall be vested in the Reorganized Debtors as provided for in the Amended Plan free and clear of all liens, security interests, encumbrances, claims and interests, and all such liens, security interests, claims and interests are hereby extinguished.

17.    This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules and regulations of any state or other governmental authority with respect to the implementation or confirmation of the Amended Plan.

18.    **The Court will conduct a post-confirmation status conference before the Honorable Karen S. Jennemann, United States Bankruptcy Judge, on September 14, 2016, at 11:00 a.m. Eastern time in Courtroom 6A, 6th Floor, at the United States Bankruptcy Court, George L. Young Federal Building, 400 West Washington Street, Orlando, FL 32801.**

19.    The Reorganized Debtors shall file the Form Post Confirmation Avoidance & Claim Litigation Report ("Short Form Report") within ninety (90) days after the Effective Date of the Plan and every ninety (90) days thereafter until entry of a Final Decree. The Short Form Report will follow the form attached as Exhibit "B".

20.    The Debtors shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and simultaneously provide the United States Trustee an appropriate affidavit or monthly operating report indicating the cash disbursements for the relevant period; and the Debtors shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the Reorganized Debtors for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree, the administrative closing of this case by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the Bankruptcy Code, and the Debtors shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

21.    Pursuant to section 1146(a) of the Bankruptcy Code and the Amended Plan, the issuance, transfer, or exchange of notes or securities under the Plan; the creation of any mortgage, deed of trust, or other security interest; the making or assignment of any lease or sublease; or the

making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan (including transfers to the Reorganized Debtors and any subsequent sale of or by the Reorganized Debtors) shall not be subject to any stamp, real estate transfer, documentary, registration, sales, added-value, mortgage release, mortgage recording, or similar tax.

*Attorney Michael A. Nardella is directed to serve conformed copies of this order on interested parties and file a proof of service within 3 days of entry of the order.*

| Class | Creditor | Debtor(s) | Claim Amount* | Treatment# | Monthly Payment* | Cure Amount^ |
|---|---|---|---|---|---|---|
| 1 | FGB | P, S, G | 1,015,142 | Pay 100%, 20 yr am, 4.25%, 7 yr balloon | 6,286.11 | |
| 2 | FGB | P, G | 494,403 | Pay 100%, 20 yr am, 4.25%, 7 yr balloon | 3,061.51 | |
| 3 | FGB | S | 100,086 | Pay 100% over 60 months at 4.25% | 1,854.55 | |
| 4 | IRS | P | 257,168 | Pay 100% over 60 months at 3% | 4,620.97 | |
| 5 | Allied | P, S, G | 752,107 | Pay per note terms; remainder TBD | 7,885.68 | |
| 6 | Cannon | P | 5,000 | Pay 100% over 60 months at 4.25% | 92.65 | |
| 7 | Marlin | P | 3,200 | Pay 100% over 60 months at 4.25% | 59.29 | |
| 8 | PNC | P | | Rights Unaltered | | |
| 9 | Ford | P | | Rights Unaltered | | 978 |
| 10 | Ford | P | | Rights Unaltered | | 1444 |
| 11 | Ford | P | | Rights Unaltered | | 972 |
| 12 | Ford | P | | Rights Unaltered | | 992 |
| 13 | Ford | P | | Rights Unaltered | | 500 |
| 14 | Ford | P | | Rights Unaltered | | 1956 |
| 15 | Nissan | P | | Rights Unaltered | | 922 |
| 16 | Nissan | P | | Rights Unaltered | | 922 |
| 17 | Nissan | P | | Rights Unaltered | | 922 |
| 18 | Nissan | P | | Rights Unaltered | | 922 |
| 19 | Ally | S | | Rights Unaltered | | |
| 20 | Ally | S | | Rights Unaltered | | |
| 21 | Ally | S | | Rights Unaltered | | |
| 22 | Lake Cty | P, G | 2,368 | Pay in Full over 60 months at 0.25% | 39.7 | |
| 23 | Lake Cty | P, G | 13,762 | Pay in Full over 60 months at 0.25% | 230.81 | |
| 24 | Lake Cty | P, G | | Rights Unaltered | | |
| 25 | Lake Cty | P, G | 804 | Pay in Full over 60 months at 0.25% | 13.49 | |
| 26 | Lake Cty | P, G | | Rights Unaltered | | |
| 27 | Lake Cty | P | 999 | Pay in Full over 60 months at 0.25% | 16.76 | |
| 28 | Lake Cty | P | | Rights Unaltered | | |
| 29 | Lake Cty | P | | Rights Unaltered | | |
| 30 | Lake Cty | G | | Rights Unaltered | | |
| 31 | Unsecured | P | TBD | $380K pot paid over 120 months | 3167 | |
| 32 | Unsecured | S | 62092 (est) | Pay 100% over 24 months | 2587.17 | |
| 33 | Unsecured | G | 8324 (est) | Pay in Full on Effective Date | | |
| 34 | Equity | P | | Extinguished on ED; new on ED | | |
| 35 | Equity | S | | Rights Unaltered | | |
| 36 | Equity | G | | Rights Unaltered | | |
| 37 | Leon Cty | P | | Rights Unaltered | | |
| | | | | | | |
| Priority | Tax Claims | P | 298,911 | Pay 100% over 60 months at 3% IR | 5,371.04 | |
| | Tax Claims | G | 1482 | Pay 100% over 60 months at 3% IR | 26.63 | |
| | UST | P, S, G | TBD | Pay in Full on Effective Date | | |
| | Atty Fees | P, S, G | TBD | Controlled by sep agree/ Pay over time | | |

*Subject to adjustment for post-petition adequate protection payments and other credits. For classes 31-33, claim objections will be filed.

^Pay in Full on Effective Date

#All Payments start on Effective Date unless otherwise indicated

# Exhibit A

## Progressive Plumbing, Inc. Chapter 11, Case No. 6-15-BK-07275-KSJ
### *Post Confirmation Avoidance Proceeding Recovery Report as of [Date of Status Conference]*

### Plan Fund as of [Date of Status Conference]

| Plan Fund Since [Confirmation Date] | | Plan Fund Since [Date of Last Status Conf.] | |
|---|---|---|---|
| Beginning Balance on Confirmation Date | $ - | Balance @ Last Status Conference | $ - |
| Deposits Post-Confirmation to Date1 | $ - | Deposits Since last Status Conference | $ - |
| Disbursements Post-Confirmation to Date | $ - | Disbursements Since last Status Conference | $ - |
| Current Plan Fund Balance: | $ - | Current Plan Fund Balance: | $ - |

### Sources and Uses of Cash since Confirmation

| Sources | | Uses | |
|---|---|---|---|

#### Actual

| Receipts | | Disbursements | |
|---|---|---|---|
| **Actual Conf. Date to Last Status Conf.** | | **Actual Conf. Date to Last Status Conf.** | |
| Asset Sales | $ - | Smith & Jones P.A. Fees | $ - |
| Avoidance Action Recoveries | $ - | Plan Fund Trustee | $ - |
| Account collection | $ - | U.S. Trustee (Quarterly Fees) | $ - |
| Subtotal: | $ - | Other Expenses | $ - |
| | | Subtotal: | $ - |
| **Actual Since Last Status Conf.** | | **Actual Since Last Status Conf.** | |
| Asset Sales | $ - | Smith & Jones P.A. Fees | $ - |
| Avoidance Action Recoveries | $ - | Plan Fund Trustee | $ - |
| Account collection | $ - | U.S. Trustee (Quarterly Fees) | $ - |
| Subtotal: | $ - | Other Expenses | $ - |
| | | Subtotal: | $ - |
| Total Conf. Date to Present: | $ - | Total Conf. Date to Present: | $ - |

#### Anticipated

| Receipts | | Disbursements | |
|---|---|---|---|
| Asset Sales | $ - | Smith & Jones, P.A. Fees March 08 (est.) | $ - |
| Avoidance Action Recoveries | $ - | Smith & Jones, P.A. Fees April 08 (est.) | $ - |
| Account collection | $ - | Disbursing Agent Fees (est.) | $ - |
| | | CPA Fees (est.) | $ - |
| Total: | $ - | Total: | $ - |

### Post Confirmation Avoidance Action and Claims Objections Update as of [Date of Status Conf].

| Avoidance Action Recoveries Status | | Fees & Costs -- Avoidance Actions | |
|---|---|---|---|
| Avoidance Action Cash Receipts | $ - | Attorneys Fees Paid Since Conf. Date | $ - |
| Settled But Unpaid | $ - | Attorneys Fees Accrued But Unpaid | $ - |
| Unpaid Judgments | $ - | [Other Expenses] | $ - |
| Pending Amounts in Litigation | $ - | [Other Expenses] | $ - |
| Total: | $ - | Total: | $ - |
| Claims Objections (Unsecured) | | Fees & Costs -- Claims Objections | |
| Total Filed and Scheduled Claims | $ - | Attorneys Fees Conf. Date to Status Conf. | $ - |
| Current Total Allowed Claims | $ - | Special Counsel Fees Conf. Date to Status Conf. | $ - |
| Current Total Disallowed Claims | $ - | [Other Expenses] | $ - |
| Current Total Unresolved Claims | $ - | Total: | $ - |

### Recap of Post-Confirmation Plan Fund Activity

| Collection & Claims Activities--Conf. Date to Present | | Fees & Costs of Plan Fund Activities | |
|---|---|---|---|
| Recoveries from Avoidance Actions | $ - | Fees & Costs Avoidance Actions | $ - |
| Potential Avoidance Action Recoveries | $ - | Fees & Costs Claim Objections | $ - |
| Recoveries from Collection/Liq. of Assets | $ - | Fees & Costs Plan Trustee | $ - |
| Anticipated Recoveries from Asset Col./Liq. | $ - | Other Attorneys Fees & Costs | $ - |
| | | Other Professional Fees & Costs | $ - |
| | | Other Plan Fund Expenses | $ - |
| Total Actual and Potential Recoveries: | $ - | | |
| Tot. Allowed Cls. less Disallowed Cls.: | $ - | | |
| Current Est. % Dist. to Un. Creditors: | 0% | Total Fees & Expenses to Date: | $ - |

Footnotes:

1 Attached as Exhibit A is a detailed listing of all receipts and disbursements.

2

# Exhibit B