**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| | **CASE NO.: 6:15-BK-07275-KSJ** |
| **PROGRESSIVE PLUMBING, INC.,** | |
| **PROGRESSIVE SERVICES, LLC, and** | **JOINTLY ADMINISTERED WITH** |
| **GRACIOUS LIVING DESIGN** | **CASE NO.: 6:15-BK-07276-KSJ** |
| **CENTER, INC.** | **CASE NO.: 6:15-BK-07277-KSJ** |
| **Debtors.** | |
| _____/ | |

*Cover Sheet per Local Rule 2016-1*
**APPLICATION OF**
**NARDELLA & NARDELLA, PLLC FOR COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL**
**TO THE DEBTORS FOR THE PERIOD FROM MAY 17, 2016 THROUGH JULY 8, 2016**
(Progressive Plumbing, Inc.)

| | | | |
|---|---|---|---|
| Name of Applicant: | Nardella & Nardella, PLLC | | |
| Services Provided to | Debtor, Progressive Plumbing, Inc. | | |
| Date of Retention | 08/24/2015 | | |
| Period for this Application | 05/17/2016 through 07/08/2016 | | |
| Amount of Compensation Sought: | $12,615.82 | | |
| Amount of Expense Reimbursement | $0.00 | | |
| Total Amount Requested | $12,615.82 | | |
| Retainers-Original Amount | $42,000.00 | Current Balance: | $0.00 |
| Net Amount Requested | $12,615.82 | | |
| Blended Hourly Rate this Application | $237.53 | Cumulative: | $ |

This is a(n): ☐ interim ■ final application
Prior applications: May 16, 2016 (Doc. No. 291), Application Granted (Doc. No. 335)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

    Debtors.
_____/

Chapter 11

Case No.: 6:15-bk-07275-KSJ

Jointly Administered with
Case No.: 6:15-bk-07276-KSJ
Case No.: 6:15-bk-07277-KSJ

**APPLICATION**

| | |
|---|---:|
| Fees & Expenses Requested | $12,615.82 |
| Paid to N&N | N/A |
| **Amount Outstanding** | $12,615.82 |

**SUPPLIMENTAL APPLICATION OF NARDELLA & NARDELLA, PLLC, FOR AWARD OF COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 17, 2016 THROUGH JULY 8, 2016**

(Progressive Plumbing, Inc.)

**I.    SUMMARY**

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|
| **ATTORNEYS:** | | | |
| Michael A. Nardella (MAN) | 31.7 | $300.00 | $9510.00 |
| **PARAPROFESSIONALS:** | | | |
| Gina Reid (GR) | 21.4 | $145.00 | $3103.00 |

**TOTALS**

ATTORNEYS                                        31.7                              $9510.00
ALL                                                      53.1                              $12,613.00


TOTAL                                                                                        $12,613.00

## II.  NARRATIVE SUMMARY.

### A.  Background.

1. Petition Date.  This case was filed on August 24, 2015 (the "Petition Date").

2. Order Authorizing Employment.  On October 7, 2015, this court authorized the employment of Michael A. Nardella and Nardella & Nardella, PLLC ("N&N") ( Doc No. 107) as legal counsel for Progressive Plumbing, Inc. ("Plumbing").

3. Terms and Conditions of Employment and Compensation.

   a. Order Approving. The terms and conditions of the employment and compensation of N&N are set forth in the order authorizing employment.  The declaration of proposed attorney and disclosure of compensation filed in this case by N&N are incorporated herein by reference thereto.

   b. Sharing of Compensation. The co-counsel relationship of Roman V. Hammes, P.L. ("RVH PL") and N&N was disclosed in the Verified Disclosures of Compensation filed in this case. Except for that co-counsel relationship and as provided in Bankruptcy Code Section 504(b),

N&N has not shared or agreed to share any compensation or reimbursement with another person or received by another person under Bankruptcy Code Sections 503(b)(2), (4).

  c. <u>Payments Made or Promised</u>.

    (i) Subject to approval of the Bankruptcy Court, the Debtor has paid or agreed to pay N&N for services rendered or to be rendered by N&N in connection with this case as follows:

     (A) reasonable compensation for actual necessary services rendered by N&N, considering the nature, extent and value of such services, taking into account all relevant factors;

     (B) reimbursement for actual, necessary expenses;

    (ii) $ 8460.00 was paid for legal services provided prior to the Petition Date; and

    (iii) $0.00 was paid as a retainer for representation of the three affiliate debtors involved in this consolidated case- Plumbing, Progressive Services, LLC and Gracious Design Living Center, Inc. (the "Retainer").

  d. <u>Source</u>.  The source of the funds is the Debtor.

  e. <u>Status of Retainer.</u>  In the order authorizing employment of attorney, the court authorized RVH PL and N&N to bill against the Retainer in the ordinary course towards compensation for professional services and reimbursement of expenses without further order, but subject to a final review and approval by the Court.  Pursuant to that order, the Retainer has been exhausted.

    f. <u>Prior Application and Order</u>.  N&N filed its first fee application for the time and expenses through May 16, 2016 (Doc. No. 291). The application was granted (Doc. No. 335.)

  4. <u>N&N's Hourly Rates</u>.  The attorneys and paraprofessionals assigned to this case and their hourly rates are as follows:

| **ATTORNEYS/PARAPROFESSIONALS** | **RATE** |
|---|---|
| **ATTORNEYS:**<br>Michael A. Nardella (MAN) | $300.00 |
| **PARALEGALS:**<br>Gina Reid (GR) | $145.00 |

  5. <u>Application Interval</u>.  This application is a first application or is filed more than 120 days after the Petition Date or the last application.

  6. <u>Time period of this application</u>.  This is an application for the period May 17, 2016 through July 8, 2016.

  7. <u>Prior Review</u>.  The Debtor has been served with a copy of this application.

**III.** **<u>Case Status</u>**.

 **A.** **<u>Administrative</u>.**

  1. <u>Case Administration</u>.  The Court entered an order confirming this case on July 8, 2016 Soc. No. 360.)

  2 <u>Quarterly Fees</u>.  Debtor is current on the payment of quarterly fees to the United States Trustee

**B.** **Project Summary**.  N&N seeks compensation and reimbursement for the invoices attached as Composite Exhibit A. For information on the specific tasks performed, please refer to Exhibit "A". Below is a summary of the tasks performed projects/tasks:

### 1. Case Administration

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Michael A. Nardella (MAN) | $300.00 | .7 | $210.00 |
| Gina Reid (GR) | $145.00 | 19.1 | $2,769.50 |
| TOTALS | | 19.8 | $2,979.50 |

### 2. Asset Analysis & Recovery

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Michael A. Nardella (MAN) | $300.00 | 1.0 | $300.00 |
| Gina Reid (GR) | $145.00 | | |
| TOTALS | | 1 | $300.00 |

### 3. Relief from Stay- Adequate Protection Proceedings

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Michael A. Nardella (MAN) | $300.00 | 7.3 | $2,190.00 |
| Gina Reid (GR) | $145.00 | | |
| TOTALS | | 7.3 | $2,190.00 |

### 4. Fee/Employment Applications

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---:|---:|---:|
| Michael A. Nardella (MAN) | $300.00 | 2.2 | $660.00 |
| Gina Reid (GR) | $145.00 | 2.3 | $333.50 |
| TOTALS | | 4.5 | $993.50 |

### 5. Other Contested Matters

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---:|---:|---:|
| Michael A. Nardella (MAN) | $300.00 | .1 | $30.00 |
| Gina Reid (GR) | $145.00 | | |
| TOTALS | | .1 | $30.00 |

### 6. Claims Administration & Objections

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---:|---:|---:|
| Michael A. Nardella (MAN) | $300.00 | .9 | $270.00 |
| Gina Reid (GR) | $145.00 | | |
| TOTALS | | .9 | $270.00 |

### 7. Plan and Disclosure Statement

Summary of time/professional and compensation requested.

| ATTORNEYS/PARALEGALS | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Michael A. Nardella (MAN) | $300.00 | 19.5 | $5850.00 |
| Gina Reid (GR) | $145.00 | | |
| TOTALS | | 19.5 | $5850.00 |

  **C.**  **Evaluation Standards**. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of services rendered taking into account all relevant factors, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as follows:

    1.  Time and Labor Required. N&N has acted as co-bankruptcy counsel for the Debtor since the petition date. RVH PL and N&N have worked diligently to segregate work assignments and avoid duplicate work. N&N has spent a total of 53.1 hours in rendering services to Plumbing.

    2.  Novelty and Difficulty of Questions.

      a.  Business of Debtor. Plumbing is a commercial plumbing contractor in Clermont who has been in business since 1985. Plumbing's role is generally as a subcontractor on large commercial construction projects, ranging from hotels, condominiums, and other multi-story structures.

      b.  Precipitating Factors. As stated in the case management summary, Plumbing filed this bankruptcy case to primarily address liability issues associated with Allied its bonding company. The bankruptcy filing was necessary to allow Plumbing to continue its operations and avoid the liquidation of its assets.

3. <u>Skill Necessary to Properly Perform Legal Services</u>. The representation by N&N involved a high degree of skill due to: (i) the complexity of the Debtor's financial affairs; (ii) the limited options available to reorganize the Debtor; (iii) decline in business and general market conditions; and (iii) negotiation with creditors.

4. <u>Preclusion of Other Employment Due to Acceptance of Case</u>. Representation in this case involved a considerable commitment of the resources of N&N. N&N was not otherwise precluded from other employment.

5. <u>Customary Fee</u>. The fees requested in this case are the current rates charged by N&N's for legal services based on the nature, extent and value of such services, taking into account all relevant factors.

6. <u>Fees Fixed or Contingent</u>. N&N requests allowance of reasonable fees based on Section 330 and 331 of the Bankruptcy Code and the fee agreement between N&N and the Debtor. N&N did not intend to undertake representation on the basis of a contingent fee.

7. <u>Time Limitations Imposed by Case</u>. Time limitations were imposed by orders of the Bankruptcy Court and Bankruptcy Code. There were no unique time limitations in this case.

8. <u>Amount Involved and the Results Obtained</u>. Plumbing's plan of reorganization was confirmed following a hearing on June 10, 2016 and via written order on July 8, 2016.

9. <u>Undesirability of the Case</u>. Because of the required commitment of immediate time to this case, this case has caused N&N to defer work on other matters. N&N has experienced delay in payment of fees and costs and assumed a substantial risk of non-payment if the case were not confirmed. The delay in payment of N&N's fees further reduces the value of any award. In *Missouri v. Jenkins*, 109 S.Ct. 2463 (1989), the Court recognized that delay in payment may justify

an enhancement of a fee award where the applicable statute authorizes a "reasonable attorneys' fee." This case is not otherwise undesirable.

   10. <u>Nature and Length of Professional Relationship with Debtor</u>. RVH N&N conferred with the Debtor regarding the filing of this case. N&N has no other prior professional relationship with the Debtor. N&N represented the three affiliate debtors in this jointly administered case.

   11. <u>Awards in Similar Cases</u>. Based on the foregoing factors, the amount requested is well within the range of awards for similar services within the Middle District of Florida.

## IV. **REIMBURSEMENT FOR ACTUAL, NECESSARY EXPENSES**.

Below is a summary of the actual, necessary out-of-pocket expenses incurred by N&N as counsel for the Debtor and Debtor-in-Possession:

| **ITEM** | **AMOUNT** |
|---|---:|
| Printing and Mailing Costs | $2.82 |
| **TOTAL** | **$2.82** |

N&N seeks reimbursement of these costs at the same or lower rates than N&N charges its other clients.

**V.      DECLARATION.**  The undersigned offers this declaration under penalty of perjury in support of the foregoing Application of Attorneys for the Debtor for Award of Compensation for Services Rendered and Reimbursement of Expenses:

A.      I am a member with Nardella & Nardella, PLLC ("N&N"), a Florida limited liability company engaged in the practice of law, and in that capacity have control over the books and records of N&N relating to the matters set forth herein, which books and records are kept and maintained by N&N in the ordinary course of its business.  I make this declaration based upon personal knowledge of the matters set forth herein.

B.      I am the billing and responsible attorney assigned by N&N to represent the Debtor.

C.      The foregoing application of N&N is true and correct.

Dated: August 18, 2016.

**VI.     CERTIFICATE OF SERVICE.**  I certify that a copy of the Application of Attorney for the Debtor for Award of Compensation of Services Rendered and Reimbursement of Expenses and all attachments has been served on August 18, 2016 by electronic notice and/or first class United States mail to the CM/ECF participants in this case, the United States Trustee's Office.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
**Nardella & Nardella, PLLC**
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

Attorneys for the Debtor