UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

Debtors.
_____/

Chapter 11
Case No.: 6:15-bk-07275-KSJ

Jointly Administered with
Case No.: 6:15-bk-07276-KSJ
Case No.: 6:15-bk-07277-KSJ

## MOTION FOR FINAL DECREE

Debtor, Gracious Living Design Center, Inc. ("Gracious"), pursuant to F.R.B.P. 3022 and Local Rule 3022-1, moves the Court for entry of a final decree closing its bankruptcy case (case number 6:15-bk-07277-KSJ) and in support states:

1. Gracious filed a Joint Plan of Reorganization (Doc. No. 302) (the "Plan") with its affiliate debtors, Progressive Plumbing, Inc. ("PPI") and Progressive Services, LLC ("Services").

2. The Court entered an order confirming the Plan on July 8, 2016 (Doc. No. 360) (the "Confirmation Order").

3. The effective date of the Plan was August 8, 2016.

4. Classes 1, 2, 5, 22, 23, 24, 25, 26, 30, and 33 related to claims against Gracious.

5. Pursuant to the confirmed Plan, Gracious is authorized to seek a final decree upon showing to the Court that it has substantially consummated the Plan as it relates to non-classified claims and treatments associated with classes 22, 23, 24, 25, 26, 30 and 33 only. Additionally,

Gracious is authorized to seek a final decree prior to PPI and Services resolving their post confirmation issues so long as PPI has started payments under classes 1, 2 and 5.[1]

    6.    Gracious has complied with the Confirmation Order and the Plan as follows:

    a.    Class 22 Lake County Tax Collector ("LCTC"): the Plan required PPI and/or Gracious to commence monthly payments on this claim on the Effective Date. On August 3, 2016, PPI paid this claim in full. Gracious has complied with the requirements of the Plan in regards to this class.

    b.    Class 23 Lake County Tax Collector: the Plan required PPI and/or Gracious to commence monthly payments on this claim on the Effective Date. On August 3, 2016, PPI paid this claim in full. Gracious has complied with the requirements of the Plan in regards to this class.

    c.    Class 24 Lake County Tax Collector: the rights of the holder of the class 24 claim were unaltered by the Plan.

    d.    Class 25 Lake County Tax Collector: the Plan required PPI and/or Gracious to commence monthly payments on this claim on the Effective Date. On August 3, 2016, PPI paid this claim in full. Gracious has complied with the requirements of the Plan in regards to this class.

    e.    Class 26 Lake County Tax Collector: the rights of the holder of the class 26 claim were unaltered by the Plan.

    f.    Class 30 Lake County Tax Collector: the rights of the holder of the class 30 claim were unaltered by the Plan.

    g.    Class 33 Unsecured Creditors: the Plan as modified by the Confirmation Order required Gracious to pay the unsecured creditors in full on the Effective Date. Gracious paid

---

[1] See Plan, Article VII, Section R.

each of its unsecured creditors in full on August 3, 2016. Gracious has complied with the requirements of the Plan as amended by the Confirmation Order in regards to this class.

7. PPI has commenced making payment due under classes 1, 2 and 5. A copy of PPI's Payment Affidavit is attached as Exhibit "A".

8. Gracious paid its only priority tax claim (held by the Internal Revenue Service) in full on August 3, 2016 and is current with the United States Trustee's Office.

9. Gracious has substantially consummated the Plan. Attached as Exhibit "B" is a Verified Final Report and Account of Payment of Claims and Substantial Consummation signed by the Debtor.

## Legal Authority

10. 11 U.S.C. § 350(a) provides that "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."

11. Rule 3022 provides that "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

12. The Advisory Committee Note to Rule 3022 states:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

## Relief Requested

For the foregoing reasons, Gracious asks the Court to enter a final decree closing this case.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 51265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2676
mnardella@nardellalaw.com
Attorney for Debtor

/s/ Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L
1920 North Colonial Avenue, Suite 100
Orlando, FL 32804
(407) 650-0003
roman@romanvhammes.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/Michael A. Nardella
Michael A. Nardella

/s/Roman V. Hammes
Roman V. Hammes

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

Debtors.
_____/

Chapter 11
Case No.: 6:15-bk-07275-KSJ

Jointly Administered with
Case No.: 6:15-bk-07276-KSJ
Case No.: 6:15-bk-07277-KSJ

## PAYMENT AFFIDAVIT

Under penalty of perjury, I declare that:

1. I am the Treasurer/CFO of Progressive Plumbing, Inc. ("PPI"). I have possession and custody of book and records of the Debtor relating to the payment of claims and distribution of property under the Debtor's Plan of Reorganization.

2. PPI made monthly payments due to classes 1, 2 and 5 on August 3, 2016.

Dated: August 19th, 2016.

Progressive Plumbing, Inc.

By: _____
Name: Kimberly Lawson Supp
Title: Treasurer/CFO



Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

Chapter 11
Case No.: 6:15-bk-07275-KSJ

Jointly Administered with
Case No.: 6:15-bk-07276-KSJ
Case No.: 6:15-bk-07277-KSJ

Debtors.
_____/

## ~~VERIFIED FINAL REPORT AND ACCOUNTING OF~~ PAYMENT OF CLAIMS AND SUBSTANTIAL CONSUMMATION

Under penalty of perjury, I declare that:

1. I am the CFO/CEO of Gracious Living Design Center, Inc. ("Gracious"). I have possession and custody of book and records of the Debtor relating to the payment of claims and distribution of property under the Debtor's Plan of Reorganization.

2. Property has been distributed pursuant to the provisions of the Plan and the order confirming the Plan (Doc. No. 360).

3. Gracious paid the class 22, 23, 25 and 33 claims in full on August 3, 2016.

4. Gracious paid all priority tax claims in full on August 3, 2016 and is current with the United States Trustee.

Dated: August 19, 2016.

Gracious Living Design Center, Inc.
By: _____
Name: Kimberly Larson Sapp
Title: CEO

# Exhibit B