UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| | **CASE NO.: 6:15-BK-07275-KSJ** |
| **PROGRESSIVE PLUMBING, INC.,** | |
| **PROGRESSIVE SERVICES, LLC, and** | **JOINTLY ADMINISTERED WITH** |
| **GRACIOUS LIVING DESIGN** | **CASE NO.: 6:15-BK-07276-KSJ** |
| **CENTER, INC.** | **CASE NO.: 6:15-BK-07277-KSJ** |
| **Debtors.** | |
| _____/ | |

## DEBTOR PROGRESSIVE SERVICES' OBJECTION TO CLAIM NO. 9 FILED BY JOSEPH BUTTLIERI

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 30 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801, and serve copies on Roman V. Hammes Esquire, 1920 North Orange Ave, Suite 100, Orlando, FL 32804 and Michael A. Nardella, Esquire, 250 East Colonial Drive, Suite 102, Orlando, FL 32801.**

**If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Progressive Services, LLC ("Services"), objects to proof of claim number 9[1] filed by Joseph Buttlieri ("Buttlieri") (the "Claim") and states as follows:

1. Buttlieri filed a complaint against Services for unlawful retaliation under the

---

[1] Filed in jointly administered case number 6:15-bk-07276-KSJ.

Florida Workers Compensation Act. A copy of the Complaint is attached as Exhibit "A".

2. Services filed an answer to the complaint. A copy of the answer is attached as Exhibit "B".

3. The action was pending at the time this case was filed on August 24, 2015.

4. Services scheduled Buttlieri as an unknown disputed creditor on Schedule "F" (Doc. No. 81).

5. The deadline for creditors to file claims in this case was December 7, 2015 (case number 6:15-bk-07276-KSJ, Doc. No. 28).

6. Buttlieri was served a copy of the notice of commencement on September 17, 2015 (Doc. No. 88).

7. On December 11, 2015 and four (4) days after the claim deadline, Buttlieri filed the Claim for $101,000.00 for "personal injury".

8. The Debtor objects to the Claim for two reasons. First, the Claim was untimely and should be disallowed. *11 U.S.C. § 502(b)(9).* Second and as laid out in the answer, the Claim has no legal or factual merit.

9. Accordingly, the Debtor asks the Court to enter an order disallowing the Claim in its entirety.

/s/ Michael A. Nardella
Michael A. Nardella, Esq
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
Counsel for Debtor

/s/Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L.
1920 North Orange Ave, Suite 100
Orlando, Florida 32804
(407) 650-0003
roman@romanvhammes.com
Counsel for Debtor.

## Certificate of Service

I hereby certify that on September 20, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document by first class mail to the following non-CM/ECF participants:

Joseph Buttlieri
c/o Gregory C. Maaswinkel, Esq.
629 N. Fern Creek Avenue
Orlando, FL 32803

/s/*Roman V. Hammes*
Roman V. Hammes

# Exhibit "A"

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR LAKE COUNTY, FLORIDA

CASE NO.

JOSEPH BUTTLIERI,

            Plaintiff,

vs.

PROGRESSIVE SERVICES, LLC,

            Defendant.

_____/

## COMPLAINT

The Plaintiff, JOSEPH BUTTLIERI, by and through his undersigned attorney, sues Defendant, PROGRESSIVE SERVICES, LLC [hereinafter sometimes referred to as PROGRESSIVE] and alleges the following:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), arising in Lake County, Florida.

2. That at all times material to this cause, South East Personnel Leasing, Inc., was a Professional Employer Organization (PEO) that provided payroll, workers' compensation, and/or employee benefits to Defendant, Progressive Services, LLC.

3. Defendant, Progressive Services, LLC, is a Florida Business with its principal office in Lake County, Florida.

4. At all times material to this cause, Plaintiff, JOSEPH BUTTLIERI, was a resident of Lake County, Florida.

1

5. At all times material to this cause, Defendant, Progressive Services, LLC, was the true employer in fact as it managed Plaintiff's work schedule; assignments; provided the tools and equipment for Plaintiff to use to fulfill his job duties; and otherwise managed Plaintiff on a day to day basis.

6. On or about July 3, 2014, Plaintiff was employed and doing work for Defendant, Progressive Services, LLC, when he suffered an injury to his left wrist and hand while in the course and scope of his employment.

8. At all times material to this cause, Packard Claims Administration adjusted the workers' compensation claims of Plaintiff on behalf of South East Personnel Leasing, Inc.

9. Packard Claims Administration and South East Personnel Leasing, Inc. accepted compensability of Plaintiff's workers' compensation accident and injury and provided workers' compensation benefits to Plaintiff pursuant to Florida's Workers' Compensation Act.

10. This is an action brought pursuant to Florida Statutes, Sec. 440.205 (2014).

7. Defendant, Progressive Services, LLC. knew Plaintiff suffered a work related injury on July 3, 2014 and therefore Plaintiff was entitled to the protections of §440.205 Fla. Stat.

8. Subsequent to the work injury, Plaintiff returned to work in a light duty capacity pursuant to the work restrictions imposed by his workers' compensation authorized treating physicians.

10. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under Florida Statutes, Sec. 440.205 (2003).

12. Defendant engaged in unlawful retaliation against Plaintiff by engaging in acts of discrimination and harassment; threatened to discharge; and intimidation as a result of Plaintiff's

valid claim for workers' compensation or his attempt to claim compensation under the Workers' Compensation law in violation of Florida Statutes, Sec. 440.205 (2001).

13. Such unlawful acts include, but are not limited to: ignoring and/or disregarding light duty restrictions assigned by treating physicians; requiring Plaintiff to work regular duty while light duty restrictions were assigned; requiring Plaintiff to sit outside for hours and do nothing; on occasions require Plaintiff to work in a hot trailer with little to no air circulation and lighting; switching equipment previously assigned to Plaintiff for inferior equipment; instructing Plaintiff with statements such as "You can change this. Come back and make it good now. Just tell your doctors your fine and you can come back like it was" and "We can resolve this. Just go back to the doctor and tell them you OK and come back and start making some good money again."

13. As a result of the acts of Defendant, Plaintiff has been injured in the form of lost wages, past, present, and future; incurring of medical bills, past, present, and future; humiliation, past, present, and future; embarrassment, past, present, and future; inconvenience, past, present, and future; and emotional distress, past, present and future; with such damages continuing.

14. Plaintiff further requests prejudgment interest at the legal rate on all amounts incurred for healthcare, hospital, doctor and/or nursing expenses, as well as any other economic damages and on any other liquidated expenses incurred as a result of the aforesaid acts of the Defendant.

WHEREFORE, Plaintiff, JOSEPH BUTTLIERI, demands judgment against the Defendant PROGRESSIVE SERVICES, LLC, for compensatory damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest together with costs and prejudgment interest for that portion of the compensatory damages which have been previously

liquidated, and any other relief to which the Plaintiff may be entitled including attorneys' fees and costs pursuant to §440.34 Fla. Stat., and the Plaintiff demands a trial by jury of all issues so triable.

Dated this 28 day of October, 2014

_____
Gregory C Maaswinkel, Esquire
Florida Bar # 0122238
Esquire Legal Group, P.A.
801 N. Magnolia Avenue, Suite 405
Orlando, FL 32803
(407)999-0045
(407)999-0210 Fax
Primary: greg@EsquireLegalGroup.com
Secondary: patricia@EsquireLegalGroup.com
Attorney for Plaintiff

# Exhibit "B"

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA
CIVIL ACTION

JOSEPH BUTTLIERI,

    Plaintiff,

vs.     Case No. 2014-CA-2100

PROGRESSIVE SERVICES, LLC,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND DESIGNATION OF E-MAIL ADDRESSES

Defendant, PROGRESSIVE SERVICES, LLC, by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied Progressive Services, LLC was Plaintiff's employer as Plaintiff was employed by South East Personnel Leasing, Inc., and was a leased employee.

6. Denied.

7. Admitted.  (Plaintiff's Complaint erroneously numbered this paragraph No. 8.)

8. Denied.  (Plaintiff's Complaint erroneously numbered this paragraph No. 9.)

9. Admitted Plaintiff brings this action pursuant to Florida Statute, Sec. 440.205; however, Defendant denies Plaintiff is entitled to any such relief.  (Plaintiff's Complaint erroneously numbered this paragraph No. 10.)

10. Denied. (Plaintiff's Complaint erroneously numbered this paragraph No. 7.)

11. Admitted. (Plaintiff's Complaint erroneously numbered this paragraph as the second No. 8.)

12. Denied. (Plaintiff's Complaint erroneously numbered this paragraph as the second No. 10.)

13. Denied. (Plaintiff's Complaint erroneously numbered this paragraph No. 12.)

14. Denied. (Plaintiff's Complaint erroneously numbered this paragraph No. 13.)

15. Denied. (Plaintiff's Complaint erroneously numbered this paragraph as the second No. 13.)

16. Denied Plaintiff is entitled to such relief. (Plaintiff's Complaint erroneously numbered this paragraph No. 14.)

WHEREFORE, Defendant, PROGRESSIVE SERVICES, LLC, requests that Plaintiff's Complaint be dismissed and Plaintiff take nothing; Defendant be awarded its costs and fees incurred in this litigation; and that Defendant be granted such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claim is barred because Plaintiff failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to mitigate his damages, the existence of which Defendant denies, as required by law.

**Third Affirmative Defense**

Defendant is entitled to setoff for any compensation or benefits paid or payable to Plaintiff for damages claimed and any interim earnings Plaintiff has received.

**Fourth Affirmative Defense**

Plaintiff's claims are barred due to the doctrine of waiver as Plaintiff has agreed to release Defendant from any such claims as part of his workers' compensation settlement.

**Fifth Affirmative Defense**

Plaintiff's claims are barred due to Plaintiff's agreement to release Defendant from any and all claims as part of his workers' compensation settlement agreement.

**Sixth Affirmative Defense**

All employment decisions or actions were taken based on Defendant's business judgment and legitimate business reasons, and not for the reasons stated in Plaintiff's Complaint.

**Seventh Affirmative Defense**

Defendant disputes that any retaliatory actions were taken against Plaintiff, but, even if such occurred, the same actions would have been taken absent any retaliatory motive.

**Eighth Affirmative Defense**

Defendant has a legitimate non-retaliatory reason for any and all employment actions taken against Plaintiff as alleged in the Complaint.

**Ninth Affirmative Defense**

Defendant was not Plaintiff's employer as Plaintiff was a leased employee, employed by SouthEast Personnel Leasing. To the extent Defendant could be considered Plaintiff's employer, Defendant is entitled to workers' compensation immunity under Florida law as all decisions

regarding Plaintiff's employment were made pursuant to Plaintiff's alleged restrictions and Florida law.

## COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516 AND DESIGNATION OF E-MAIL ADDRESSES

DAVID W. ADAMS and ZACHARY J. GLASER, as counsel for Defendant, file this Compliance with Rule 2.516 and Designation of E-Mail Addresses, and state that the following primary and secondary e-mail addresses are designated for service in this proceeding:

Primary:
David W. Adams, Esq.            dadams@bja-law.com
Zachary J. Glaser, Esq.          zglaser@bja-law.com
Secondary:
Shirley Brant, Legal Assistant    sbrant@bja-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2014, I electronically filed the foregoing with the Clerk of the Court by using the Florida E-Filing Portal system, which will send a notice of electronic filing to:

Gregory C. Maaswinkel, Esq.
Esquire Legal Group, P.A.
801 North Magnolia Avenue, Suite 405
Orlando, FL 32803
Email: greg@esquirelegalgroup.com

/s/David W. Adams
DAVID W. ADAMS
Florida Bar No. 0892416
ZACHARY J. GLASER
Florida Bar No. 0048059
Bennett, Jacobs & Adams, P.A.
Post Office Box 3300
Tampa, Florida 33601
Telephone: (813) 272-1400
Facsimile: (866) 844-4703
Attorneys for Defendant
Email: dadams@bja-law.com
zglaser@bja-law.com
Secondary: sbrant@bja-law.com

4