UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| | **CASE NO.: 6:15-BK-07275-KSJ** |
| **PROGRESSIVE PLUMBING, INC.,** | |
| | |
| **PROGRESSIVE SERVICES, LLC, and** | **JOINTLY ADMINISTERED WITH** |
| **GRACIOUS LIVING DESIGN** | **CASE NO.: 6:15-BK-07276-KSJ** |
| **CENTER, INC.** | **CASE NO.: 6:15-BK-07277-KSJ** |
| | |
| **Debtors.** | |
| _____/ | |

**DEBTORS' OBJECTION TO CLAIM NO. 34-2
FILED BY CADDELL CONSTRUCTION CO, INC.**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 30 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801, and serve copies on Roman V. Hammes Esquire, 1920 North Orange Ave, Suite 100, Orlando, FL 32804 and Michael A. Nardella, Esquire, 250 East Colonial Drive, Suite 102, Orlando, FL 32801.**

**If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Progressive Plumbing, Inc. ("Debtor"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 502, Local Rules 2002-4(b)(2) and 3007-1, and Federal Rules of Bankruptcy Procedure 3007 and 9014, hereby files this Claim Objection (the "Objection") to the claim no. 34-2 (the "Claim") submitted by, or on behalf of, Caddell Construction Co. Inc. ("Caddell"), which

has been filed in the above-captioned case, and for the reasons set forth below, seeks entry of an Order disallowing the Claim in its entirety, and in support thereof, states as follows:

## Jurisdiction

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §502.

2. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b) and is a contested matter governed by the Federal Rules of Bankruptcy Procedure 3007 and 9014. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Procedural and Factual Background

3. On August 24, 2015, the Debtor filed its petition (Doc. 1) for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On July 8, 2016, the Court issued the Confirmation Order (the "Confirmation Order") approving Debtor's Disclosure Statement and confirming Debtor's First Amended Plan of Reorganization ("Plan") (Doc. 360).

5. The Effective Date of the Plan is August 7, 2016.

6. Pursuant to ¶9 of the Order, any objections to claims shall be commenced within ninety (90) days after the Effective Date.

## The Claim Objection

7. Through the Claim, Caddell asserts that Debtor owes $74,140.00.

8. Caddell admits in the Claim that it still owes Debtor $13,350.00, and that it has not offset the amounts owed to Debtor against the claimed amount. At a minimum, the Claim should be reduced to $60,790.00.

9. Debtor was hired by Caddell to install a domestic hot water solar system for the Eglin BEQ, EOD, Phase II project.

10. Caddell was the design-build general contractor.

11. All of the criteria Caddell's MEP engineer used for sizing the solar system came from the government's design narrative.

12. Debtor's contract for the project included a domestic hot water solar system that was based on drawings and specification provided by Caddell's MEP engineer.

13. Debtor experienced issues with the solar system from very beginning. Most of the issues revolved around excessive heat buildup in the system.

14. When the system reached its maximum temperature there was not enough hot water storage or any heat dump to reduce the excess heat.

15. This would cause the relief valves on the solar system to open thus dumping out the Glycol. When the Glycol was dumped out of the system through the relief valves it changed the freeze point of the solar panels.

16. During the winter of 2014 the temperatures dropped below the freeze point damaging most of the solar panels.

17. Debtor spent over a year working with Caddell's MEP engineer looking for solutions for the solar system.

18. Finally, in early 2014, as a favor to Caddell, Debtor reached out to the Solar Skies National Solar Products Manager, Mr. Rod Hyatt, to see if he could review the design and give his expert opinion.

19. Mr. Hyatt determined that the solar system was at least triple the size it needed to be.

20. Debtor has numerous correspondence and calculations backing up his report.

21. This information was forwarded to Caddell in November of 2014.

22. These design flaws were not the responsibility of Debtor.

23. The bulk of the Claim appears to be an improper attempt to back charge Debtor for work done by Caddell to comply with the recommendations of Mr. Hyatt in order to fix Caddell's faulty design.

24. The facts are clear that the hot water solar system issues are design-related and not an installation issue or the responsibility of Debtor.

25. Debtor is in fact actually owed not just the $13,350.00 contract balance (as admitted by Caddell), but is also owed for all of the time and materials trying to fix a system that was incorrectly designed.

26. Debtor estimates the total costs for that additional work to be in excess of $50,000.00.

27. The Claim should therefore be denied as the amounts sought by Caddell are not provided for under the contract and are damages caused by Caddell's own negligence. In addition, any claim Caddell has must be set off against the substantial amounts owed to Debtor by Caddell.

### Relief Requested

WHEREFORE, Debtor respectfully requests that this Court enter an Order disallowing the Claim in its entirety, and granting such other and further relief as this Court deems just and proper.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680

mnardella@nardellalaw.com
Counsel for Debtor

/s/Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L.
1920 North Orange Ave, Suite 100
Orlando, Florida 32804
(407) 650-0003
roman@romanvhammes.com
Counsel for Debtor

Certificate of Service

I hereby certify that on October 5, 2016, I electronically filed and served the foregoing with the Clerk of the Court by using the CM/ECF system to all parties participating in the CM/ECF system. I further certify that I mailed a copy of the foregoing document by U.S. mail, postage prepaid, to the following: Mac Caddell, Vice President, Caddell Construction, 2700 Lagoon Park Drive, Montgomery, AL 36109; and Brian Stewart, Caddell Construction, 2700 Lagoon Park Drive, Montgomery, AL 36109.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.