UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| | **CASE NO.: 6:15-BK-07275-KSJ** |
| **PROGRESSIVE PLUMBING, INC.,** | |
| **PROGRESSIVE SERVICES, LLC, and** | **JOINTLY ADMINISTERED WITH** |
| **GRACIOUS LIVING DESIGN** | **CASE NO.: 6:15-BK-07276-KSJ** |
| **CENTER, INC.** | **CASE NO.: 6:15-BK-07277-KSJ** |
| **Debtors.** | |
| _____/ | |

**DEBTORS' OBJECTION TO CLAIM NO. 34-2
FILED BY KELLOGG & KIMSEY, INC., AND IN THE
ALTERNATIVE, AS TO ALLIED WORLD SPECIALTY ASSURANCE
COMPANY PURSUANT TO ARTICLE IV, (F) OF THE JOINT PLAN**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 30 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801, and serve copies on Roman V. Hammes Esquire, 1920 North Orange Ave, Suite 100, Orlando, FL 32804 and Michael A. Nardella, Esquire, 250 East Colonial Drive, Suite 102, Orlando, FL 32801.**

**If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Progressive Plumbing, Inc. ("Debtor"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 502, Local Rules 2002-4(b)(2) and 3007-1, and Federal Rules of Bankruptcy Procedure 3007 and 9014, hereby files this Claim Objection (the "Objection") to the claim no. 35-

1 (the "Claim") submitted by, or on behalf of, Kellogg & Kimsey. Inc. ("K&K"), which has been filed in the above-captioned case, and for the reasons set forth below, seeks entry of an Order disallowing the Claim in its entirety, and in support thereof, states as follows:

## Jurisdiction

1.  This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §502.

2.  This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b) and is a contested matter governed by the Federal Rules of Bankruptcy Procedure 3007 and 9014.  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Procedural and Factual Background

3.  On August 24, 2015, the Debtor filed its petition (Doc. 1) for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.  On July 8, 2016, the Court issued the Confirmation Order (the "Confirmation Order") approving Debtor's Disclosure Statement and confirming Debtor's First Amended Plan of Reorganization ("Plan") (Doc. 360)

5.  The Effective Date of the Plan is August 7, 2016.

6.  Pursuant to ¶9 of the Order, any objections to claims shall be commenced within ninety (90) days after the confirmation date.

## The Claim Objection

7.  Through the Claim, K&K asserts that Debtor owes $813,547.94.

8.  Debtor was hired by K&K to act as a turnkey plumbing subcontractor for the 1800 West End Hotel & MX Development project (the "Project") and provide comprehensive plumbing

services (the "Work") in connection with the construction of a Spring Hill Suites Hotel.

9. K&K was the prime contractor for the Project.

10. K&K and Progressive entered into a subcontract for the Work.

11. K&K claims to have suffered damages in the amount of $813,547.94 (the "Claim Amount") as the result of Debtor's allegedly defective performance of the Work.

12. Debtor, however, completed the Work in accordance with the Contract, and Debtor disputes K&K's claims of Debtor's defective performance.

13. The Claim attaches a number of random seeming exhibits, which neither detail how the Claim Amount was calculated, nor demonstrate the basis for the claim.

14. The facts are that K&K accepted all Work performed by Debtor pursuant to the Contract.

15. If K&K did have issues with Debtor's work, K&K failed to provide Debtor with notice and opportunity to cure any allegedly defective portions of the Work.

16. In fact, K&K breached the Contract by failing to pay Debtor its remaining amounts due after completion of the work. Debtor is owed at least $303,087.31, with additional interest accruing from the date of Debtor's filing of a lawsuit.

17. K&K's Claim does not include any offset for amounts owed to the Debtor.

18. K&K's Claim is further subject to offset for treble damages and attorney's fees awardable to Debtor as recoverable amounts for K&K's breach under to the Contract pursuant Tennessee's "Prompt Pay Act," as set forth in Tenn. Code Ann. § 66-34-101 *et seq*. (the "TN Act"). While Debtor disputes the entirety of K&K's Claim and responsibility under the Contract for any amounts to K&K, the amounts owed to Debtor under the TN Act as a result of K&K's breach of the statute exceed the amount sought by K&K under its Claim. Debtor has satisfied all

conditions precedent for recovery under the TN Act.

19. In addition, to the extent that K&K is claiming amounts that have been paid by insurance of by Debtor's surety, those amounts are no longer due and owing nor collectable.

20. K&K further failed to appropriately mitigate any damages it may have suffered as a result of Debtor's alleged breach of the Contract.

21. K&K's own acts and omissions were the proximate cause of any damages allegedly sustained in connection with K&K's Claim.

22. K&K's own wrongful conduct and bad faith in connection with K&K's breach of the Contract prior to any alleged breach by Debtor makes it improper to award K&K damages in the amount of its Claim for the alleged breach of Debtor under the Contract.

23. Moreover, even when taken on their face, the documentation provided by K&K in support of its Claim does not provide documentation sufficient to establish the Claim or its Claim Amount. K&K attached numerous documents, haphazardly thrown together, with no statement or breakdown for how K&K reached the Claim Amount.

24. In addition, K&K indicates in Line 7 of its Claim that the Claim includes amounts for interest or other charges. However, K&K fails to include any statement itemizing interest, fees, expenses or other charges. K&K's Claim, to the extent that it includes any such amounts, should therefore be disallowed.

25. In addition, although there is no itemization to confirm this, if K&K is seeking consequential or incidental damages, attorney's fees, or other amounts not detailed or specified in the attachments, those amounts should be disallowed in their entirety.

**Reservations of Rights As to Allied**

26. Pursuant to Article IV, F, of the Plan, if Allied settles with K&K prior to a final

determination by this Court as to Debtor's liability to K&K, if any, the Court shall determine what amount Debtor owes to Allied, if any.

27.  Debtor brings this Claim Objection, in the alternative, to any derivative claim of Allied as related to the Claim, to the extent necessary to preserve and reserve its right to have the Court make any determination of payment to Allied related to the Claim.

### Relief Requested

WHEREFORE, Debtor respectfully requests that this Court enter an Order disallowing the Claim in its entirety, and granting such other and further relief as this Court deems just and proper.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
Counsel for Debtor

and

/s/ Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L.
1920 North Orange Ave, Suite 100
Orlando, Florida 32804
(407) 650-0003
roman@romanvhammes.com
Counsel for Debtor

Certificate of Service

      I hereby certify that on October 5, 2016, I electronically filed and served the foregoing with the Clerk of the Court by using the CM/ECF system to all parties participating in the CM/ECF system. I further certify that I mailed a copy of the foregoing document by U.S. mail, postage prepaid, to the following: Lewis Hall, Esq., Williams, Parker, Harrison Dietz & Getzen, 200 S. Orange Avenue, Sarasota, FL 34236, Counsel/Authorized Agent for Kellogg & Kimsey, Inc.

      /s/ Michael A. Nardella
      Michael A. Nardella, Esq.