IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO  DIVISION

Chapter 11
CASE NO. 6:15-bk-07275-KSJ
Jointly Administered with
CASE NO. 6:15-bk-07276-KSJ
CASE NO. 6:15-bk-07277-KSJ

IN RE:

PROGRESSIVE PLUMBING, INC.,
PROGRESSSIVE SERVICES, LLC, AND
GRACIOUS LIVING DESIGN CENTER, INC.
Debtors.                                        /

**MOTION OF LEXINGTON INSURANCE COMPANY FOR LIFT OF
AUTOMATIC STAY AS TO PROGRESSIVE PLUMBING INC. TO THE
EXTENT OF AVAILABLE LIABILITY INSURANCE**

Petitioner, Lexington Insurance Company ("Lexington"), by and through its

undersigned counsel, hereby petitions the Court for the entry of an Order that lifts the

automatic stay as to the Debtor, Progressive Plumbing, Inc., to the extent that Progressive

Plumbing, Inc. has liability insurance available to it regarding a claim for property

damages from a water loss incident of September 29, 2015 due to Progressive Plumbing,

Inc.'s alleged failure to glue a pipe connection at the domestic water supply line in a

condominium building.

### I.    Preliminary Statement

This motion seeks leave to continue litigating a lawsuit filed on May 19, 2016 by

Lexington against Progressive Plumbing, Inc. in the case of *Lexington Insurance*

*Company a/s/o Le Jardin Condominium Association Inc. v. Progressive Plumbing, Inc.*

*and The Auchter Company*, Case No. 2016-CA-000280, in the Seventh Judicial Circuit in and for Flagler County, Florida ("the subrogation action"), which is a subrogation lawsuit seeking damages from a water loss of September 29, 2015 at a condominium building located at 28 Porto Mar, Palm Coast, Florida 32137. Lexington has paid a total of $22,185.97 with another $61,814.03 still in reserve, such that the total payment is estimated to be $84,000.00.

## II.    Procedural History

Lexington had no notice that the bankruptcy proceeding prevented it from filing a Complaint until Progressive Plumbing, Inc. notified Lexington on July 22, 2016.  Prior to that, Progressive Plumbing Inc. filed a substantive answer to the Complaint on June 13, 2016, giving no indication of bankruptcy.  Prior to that, Progressive Plumbing, Inc. had been given written notice of the water loss and potential subrogation claim by letter dated December 18, 2015 (Exhibit A) and letter dated February 5, 2016 (Exhibit B).  The letters sought disclosure of insurance information pursuant to Florida Statute §627.4137, which has not yet been provided.

Although the Debtor has thus far failed to comply with Florida Statute §627.4137 mandating disclosure of its liability insurance information, undersigned counsel learned in a conversation had on or around March 3, 2016 between a representative of Lexington and Christina Barnes, adjuster for Progressive Plumbing, Inc. that Debtor not only has a $1 million liability insurance policy, but also has excess insurance.   Petitioner seeks the entry of an Order deeming the automatic stay lifted to the extent that there may be one or more insurance policies available that provide liability insurance to Debtor for the

damages sought in the subrogation action. Should the Court wish to have more information on the extent of the insurance before making a ruling, the burden should be placed on Debtor and its insurers to comply with Florida Statute §627.4137 and establish that there is or is not such liability insurance available.

### III.    Memorandum of Law

It is well settled that a bankruptcy proceeding serves to stay an action against the Debtor and allows a "fresh start" under 11 U.S.C. §524(a) as to the assets of the Debtor. However, §524(a) does not stay actions that proceed against the assets or proceeds of a third party, such as a liability insurer. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51 (5th Cir. 1993); *In re Jet Florida Systems, Inc.*), 883 F.2d 970 (11th Cir. 1989). In *In re Edgeworth*, the court allowed a claimant to proceed against the Debtor to pursue the proceeds of a medical malpractice policy, stating, "When the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate."

Orders allowing claimants to pursue debtors to the extent of available liability insurance proceeds are routinely granted by bankruptcy courts throughout the country. This Court, for example, applied the *Edgeworth* test in *In re Scott Wetzel Servs.*, 243 B.R. 802 (Bankr. M.D. Fla. 1999 (holding that liability insurance proceeds are not property of the bankruptcy estate and granting creditor's motion for relief from the automatic stay). *See also Chapman v. Bituminous Ins. Co. (In re Coho Res., Inc.)*, 345 F.3d 338 (5th Cir. 2003); *Doughty v. Holt* (*In re Doughty*), 195 B.R. 1 (Bankr. D. Me. 1996). As held in *Doughty*, "[A]fter discharge and upon expiration of the automatic stay, actions aimed at

collecting such an obligation from a debtor's liability insurer are permissible, even when they involve the debtor as a nominal defendant."

Motions to lift stays have been granted even when the claimant filed no claim in the Chapter 11 proceeding and even after the automatic stay has been lifted and a discharge order is entered. See, e.g., *Green v. Welsh*, 956 F.2d 30, 33 (2nd Cir. 1992); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175 (7th Cir. 1994); *In re W.G. Wade Shows, Inc.*, 234 B.R. 185 (Bankr. M.D. Fla. 1999) (allowing claimant to proceed with personal injury action even after entry of reorganization plan). For example, in *In re Coho Res., Inc.*, 345 F.3d 338 (5th Cir. 2003), the court considered a creditors request for relief to recover from the debtor's liability insurer for personal injuries suffered while working on the debtor's property. The insurer asserted that the creditor was barred from proceeding against the debtor's insurer because he had failed to file a claim in the debtor's Chapter 11 case. The court rejected this view, stating:

> We and other courts have squarely rejected [the insurer's] argument; it is entirely without merit. 11 U.S.C. §524(a) operates as an injunction against actions against a debtor subsequent to the discharge of a debt. The bankruptcy discharge and §524 injunction serve to give the debtor a financial fresh start. As a general rule, a creditor must file a proof of notice of claim during the bankruptcy proceedings to preserve its claim against the debtor. If a creditor neglects to file such notice, the §524 injunction will act to shield the debtor from the creditor.
>
> The discharge and injunction, however, are expressly designed to protect only the debtor, and do not affect the liability of any other entity for the debt. Accordingly, courts are in near unanimous agreement that §524(e) permits a creditor to bring, and proceed in, an action nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer…

In short, even though [the creditor's] failure to file a proof of claim in [the debtor's] bankruptcy proceedings is a bar to continued prosecution of claims against [the debtor], it does not affect his claims against non-debtors, such as general liability insurers. The fresh-start policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.

Id. at 342-43 (internal quotations and citations omitted).

### IV.    Request for Relief

Petitioner seeks entry of an Order lifting the automatic stay as to Lexington's subrogation lawsuit and ruling that this bankruptcy proceeding does not prevent Lexington from continuing to pursue the subrogation action, unless and until such time as there is a final adjudication either in this proceeding or in a separate proceeding that there are no available assets under any insurance policies available to debtor.

Dated this 20th day of October, 2016.

**GROELLE & SALMON, P.A.**
1601 Belvedere Road, Suite 500 South
West Palm Beach, FL 33406
(561) 588-3000 Telephone
(561) 588 3705 Facsimile
Service Email: gswcourtdocs@gspalaw.com
Non-Service Email: csiders@gspalaw.com
Attorney for Plaintiff

By: /s/Courtney A. Siders
      Courtney A. Siders, Esquire
      Florida Bar No.: 77626