**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| | **CASE NO.:6:15-BK-07275-KSJ** |
| **PROGRESSIVE PLUMBING, INC.,** | |
| | |
| **PROGRESSIVE SERVICES, LLC, and** | **JOINTLY ADMINISTERED WITH** |
| **GRACIOUS LIVING DESIGN** | **CASE NO.:6:15-BK-07276-KSJ** |
| **CENTER, INC..** | **CASE NO.:6:15-BK-07277-KSJ** |
| **Debtors.** | |
| _____/ | |

**JOSEPH BUTTLIERI'S RESPONSE AND OBJECTIONS TO DEBTOR PROGRESSIVE SERVICES' OBJECTION TO CLAIM NO. 9 FILED BY JOSEPH BUTTLIERI**

Joseph Buttlieri, by and through his undersigned attorney, files this objection to Debtor Progressive Services (Services) Objection to Claim No. 9 filed by Joseph Buttlieri and says the following:

1. As stated by Debtor, Joseph Buttlieri filed a lawsuit against Progressive Services alleging damages as a result of Progressive Services, LLC violation of Florida Statute §440.205 that states:

> "Coercion of employees.-No employer shall discharge, threaten to discharge, intimidzte, or coerce any employee by reason of such employee's valid claim for comepsnation or attempt to claim compensation under the Workers' Compensation Law."

2. The Proof of Claim was filed on December 11, 2015 (case number 6:15-BK-07276-KSJ, Doc. No. 28), four days after the claim deadline.

1

3. During that time, the undersigned's predecessor Law Firm representing Joseph Buttlieri, Esquire Legal Group, P.A. (now known as Maaswinkel Law, P.A.), had recently relocated from 801 N. Magnolia Ave., Suite 405, Orlando, Florida 32803 to 629 N. Fern Creek Avenue (See Exhibit A, Affidavit of Gregory C. Maaswinkel).

4. During the move, the Notice of Chapter 11 Bankruptcy was misfiled and not calendared. Upon realizing the error, the undersigned immediately filed the Proof of Claim, albeit 4 days after the deadline.

5. The 4 day delay did not in any way impact the judicial proceedings of the bankruptcy.

6. The 4 day delay does not prejudice Debtor.

7. In *Pioneer inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Court held that the determination of what sorts of neglect are excusable under Rule 90006(b)(1) of the Federal Rules of Bankruptcy Procedure, which empowers a Bankruptcy Court to grant a motion for a late filing of a Proof of a Claim if the movant's failure to comply with an earlier deadline was the result of excusable neglect, is at bottom an equitable determination, taking account of all relevant circumstances surrounding the movant's omission, including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the movant, and (5) whether the movant acted in good faith because Congress has provided no other guideposts for the determination.

8. Regarding Debtor's second objection that the Florida §440.205 law suit has no legal or factual merit is baseless. Debtors assertion is solely based upon its self serving Answers to the Complaint. The State Court did not dismiss the lawsuit and did not adjudicate the Mr. Buttlieri's claims on the merits.

9. Accordingly, Joseph Buttlieri asks this Court to overrule Debtors' objection as allow his claims to remain.

I HEREBY CERTIFY that a copy of the foregoing was served via US Mail and email upon Roman V. Hammes, Esq., on October 24th, 2016 and was electronically filed with the Clerk of Court by using the CM/ECF system this 31st day of October, 2016 because the undersigned was not an authorized or registered with the CM/ECF system until October 31, 2016.

/S/_____
Gregory C Maaswinkel, Esquire
Florida Bar # 122238
Maaswinkel Law P.A.
629 N. Fern Creek Avenue
Orlando, FL 32803
Telephone: (407)999-0045
Facsimile: (407)999-0210

Attorney for Joseph Buttlieri