UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CHAPTER 11**<br>**CASE NO.: 6:15-BK-07275-KSJ** |
| **PROGRESSIVE PLUMBING, INC.,** | |
| **PROGRESSIVE SERVICES, LLC and**<br>**GRACIOUS LIVING DESIGN**<br>**CENTER, INC.** | **JOINTLY ADMINISTERED WITH**<br>**CASE NO.: 6:15-BK-07276-KSJ**<br>**CASE NO.: 6:15-BK-07277-KSJ** |
| **Debtors.**<br>_____/ | |

### KELLOGG & KIMSEY'S RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NO. 34-2 [Doc. 448]

KELLOGG & KIMSEY, INC. ("K&K"), through its undersigned counsel and pursuant to 11 U.S.C. § 502, Local Rule 2002-4(c), and Federal Rule of Bankruptcy Procedure 9014, files its Response in Opposition to Progressive Plumbing, Inc.'s ("Debtor") Objection ("Objection") to the Proof of Claim No. 34-2 filed by K&K ("Claim"), seeking entry of an Order overruling the Objection and allowing the Claim, and in support states:

### Background

1. On August 24, 2015, Debtor filed its Chapter 11 petition for relief.

2. On December 7, 2015, K&K timely filed its Claim against Debtor, arising out of Debtor's breach of a pre-petition subcontract ("Subcontract") for plumbing services related to the construction of a hotel in Tennessee.

3. On July 8, 2016, the Court entered its Confirmation Order confirming Debtor's First Amended Plan of Reorganization ("Plan"). The effective date of the Plan is August 7, 2016.

4. On October 5, 2016, Debtor filed its Objection to K&K's Claim with a negative notice.

## Argument

5. 11 U.S.C. § 502 provides in pertinent part,

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and *shall allow such claim in such amount*, except to the extent that – [such claim falls under one of the enumerated statutory reasons for denying a claim].

11 U.S.C. § 502 (2012).

6. "[T]to be proper, an objection to a proof of claim must allege facts which, if accepted as true, would trigger one of the statutory reasons for denying a claim. *If it does not, the objection should not be sustained*. This remains true even if the creditor lacks sufficient interest to respond. Consequently, the question before the court is whether the trustees' objection . . . corresponds with one of the statutory reasons for denying a claim." *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003) (emphasis added).

7. Here, not only has Debtor failed to assert any statutory reason under § 502 for denying K&K's Claim, none of the enumerated exceptions to the statutory mandate to allow the Claim apply here. *See* 11 U.S.C. § 502 (2012).

8. Additionally, "[c]laims are prima facie valid as to the claim and the amount." *In re McCoy*, 163 B.R. 206, 209 (Bankr.M.D.Fla. 1994) (citing *In re St. Augustine Gun Works*, 75 B.R. 495 (Bankr.M.D.Fla. 1987)). Thus, K&K's timely filed Claim is prima facie valid. *See id.* To overcome the prima facie validity of K&K's Claim, Debtor has the burden of presenting affirmative evidence repudiating the validity of the Claim in support of its Objection before K&K

has any burden to further prove the validity of the Claim. *See id.* Debtor has failed to attach any documentary evidence repudiating the validity of K&K's Claim.

10. Notwithstanding the aforementioned deficiencies of Debtor's Objection, which warrant its outright rejection, K&K's Claim is valid and well-supported.

11. As detailed in K&K's Proof of Claim, K&K was the prime contractor for the construction of a hotel located at 1800 West End Avenue, Nashville, Tennessee ("Project"). K&K and Debtor entered into the Subcontract ("Subcontract") for the construction of the complete plumbing system for the Project on February 22, 2013. A copy of the Subcontract is attached K&K's Proof of Claim. *See* Claim 35-1, Part 2.

12. Under the Subcontract, Debtor agreed and warranted to K&K all labor, workmanship, materials, and other services for Debtor's work on the Project would be in strict compliance with the plans and specifications for the Project and free from all faults, deviations, defects, and deficiencies which prevent Debtor's work from functioning in the manner reasonably expected or fulfilling its intended purpose. In paragraph 21 of the Subcontract, the Debtor promised to indemnify and hold harmless K&K and its agents and employees from and against all claims, damages, losses and expenses, including attorneys' fees arising out of the performance of its work on the Project.

13. Debtor, however, provided defective and/or incomplete work on the Project, including, but not limited to: missing shower parts, incorrectly installed shower heads, gastite piping correction, gas regulators installed incorrectly on water boilers, roof leader leaks causing damages in twenty guestrooms of the hotel, toilet leaks causing damage to lower guestroom ceilings, and incorrectly installed backflow preventers. Additionally, Debtor improperly installed the wastewater drain line that runs below the lobby area of the hotel, which required demolishing

the concrete floor of the lobby to resolve the issue. Documentation of Debtor's defective work was provided to Debtor via a series of declaration of default letters, including photographs and other documentary evidence, all of which were attached to K&K's Proof of Claim. *See* Claim 35-1, Part 9.

14. Additionally, the damages and expenditures incurred by K&K on the Project are documented in detail in Part 7 of K&K's Claim. Such documentation includes, among other things, itemized costs incurred to repair concrete decks and slabs broken by Debtor and repairs in kitchens and baths in hotel suites. *See* Claim 35-1, Part 7.

15. K&K's Claim is demonstrably valid and Debtor has failed to assert any enumerated exception, or support thereof, to the Code's statutory mandate to allow the Claim. Therefore, Debtor's Objection should be overruled.

WHEREFORE, K&K respectfully requests that the Court treat the Objection and Response as a contested matter F.R.B.P. 9014, schedule a final evidentiary hearing on the Objection and Response, enter an Order overruling Debtor's Objection and allowing K&K's Claim as a general unsecured claim, and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3rd, 2016, I electronically filed the foregoing *Kellogg & Kimsey's Response in Opposition to Debtor's Objection to Claim No. 34-2* with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been furnished to all parties participating in CM/ECF Electronic Noticing.

        WILLIAMS PARKER HARRISON
        DIETZ & GETZEN

        /s/ M. Lewis Hall, III

        M. Lewis Hall, III, Esq.
        Florida Bar No. 0249513
        200 South Orange Avenue
        Sarasota, FL 34236
        Email: lhall@williamsparker.com
        Telephone: (941)366-4800
        Fax: (941)954-3172
        Attorneys for Creditor, Kellogg & Kimsey, Inc.

3966445.v1